Thomas BROWN, Appellant,

v.

Patricia R. HARRIS, Secretary of Health, Education & Welfare, Appellee.

No. 80–1260.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 14, 1980.

Decided Feb. 3, 1981.

---

**5.** *See* Note, Deterring Air Polluters Through Economically Efficient Sanctions, 32 Stan.L. Rev. 807, 807–812 (April, 1980).

Edward M. Wayland, Charlottesville, Va. (Scott W. Williams, Charlottesville-Albemarle Legal Aid Society, Charlottesville, Va., on brief), for appellant.

Fred Marinucci, Asst. Regional Atty., Philadelphia, Pa. (Stephanie W. Naidoff, Regional Atty., Edith Ho, Asst. Regional Atty., Dept. of Health & Human Services, Philadelphia, Pa., John S. Edwards, U.S. Atty., Robert S. Stubbs, Asst. U.S. Atty., Roanoke, Va., on brief), for appellee.

Before RUSSELL, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Thomas Brown appeals an order of the district court dismissing for lack of jurisdiction his action to review the dismissal by the Secretary of Health, Education & Welfare of his third application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. The Secretary ruled that the doctrine of administrative res judicata barred a hearing on the claim. We affirm the district court's order dismissing the complaint.

Brown filed three applications for disability benefits, the first of which was filed on August 23, 1972. Brown claimed that he had been unable to work since August of 1966 because of a heart condition, alcoholism, and a hernia. The first application was denied on October 20, 1972 on initial determination and was not appealed. Brown filed a second application on November 28, 1973 in which he again claimed that he was disabled because of a heart condition. On August 9, 1974, Brown's second application was denied on the grounds that Brown was not disabled prior to September 30, 1971, the date on which he was determined to have last met the earnings requirement. A request for reconsideration was denied. Brown was notified by letter that he could request a hearing to appeal the denial, but he failed to do so. Brown's third application was filed on December 13, 1977. He again alleged disability since 1966 from a heart condition.

After his third claim was denied on reconsideration, Brown requested a hearing before an administrative law judge which was scheduled for August 9, 1978. Shortly after requesting this hearing Brown secured the representation of a paralegal who obtained permission of the administrative law judge for additional time to submit further medical evidence. Brown's representative also requested that the administrative law judge base his decision on the record and on the additional medical evidence that she submitted on September 7, 1978. On September 15, 1978, the administrative law judge dismissed Brown's request for a hearing on the grounds that the administrative decision on Brown's initial claim rendered on October 20, 1972 involved the same party, the same facts, the same alleged period of disability, and the same issues as the case before him. Thus, the administrative law judge found that the case before him was barred by res judicata pursuant to 20 C.F.R. § 404.937(a). He also found that there were no grounds for reopening the prior decision. The Appeals Council upheld the administrative law judge's decision.

Brown appealed to the district court for a review of the Secretary's action. The district court dismissed Brown's complaint for lack of subject matter jurisdiction. Brown

filed a motion for rehearing that was granted. On reconsideration, the district court concluded again that it lacked jurisdiction to review the Secretary's action. Brown appeals.

The Supreme Court in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) held that a final decision of the Secretary not to reopen a decision denying benefits was not subject to judicial review, except in a situation in which the Secretary's denial of a petition to reopen is challenged on constitutional grounds. The rationale of *Califano v. Sanders* has been extended to judicial review of administrative *res judicata* decisions. *See Shrader v. Harris*, 631 F.2d 297, at 299–300 (1980); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977).

In *Shrader v. Harris*, we examined an example of a constitutional claim that merited judicial review of an administrative *res judicata* decision. In *Shrader*, we held that when mental illness precludes a pro se applicant for disability benefits from understanding how to obtain an evidentiary hearing after an ex parte denial of his application for benefits, a summary dismissal on *res judicata* grounds of the claimant's motion for a hearing on a subsequent application violates the claimant's due process rights. Our decision in *Shrader* was very narrow. We ruled that the Secretary is not required to make an initial inquiry about the mental competency of each applicant, but instead the claimant has the burden of presenting prima facie evidence of incompetency to the Secretary. Although Brown has presented to us his claim that he is and was a chronic alcoholic and that he therefore was mentally incompetent within the meaning of *Shrader*, there is no evidence that Brown presented to the Secretary prima facie evidence that he was incompetent at the time that his initial claim was rejected. Thus, *Shrader* is not dispositive of the case at bar.

Accordingly, we affirm the decision of the district court dismissing Brown's complaint.

AFFIRMED.