924 F.2d 1052
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret MULLINAX, surviving spouse of George Mullinax,
deceased wage earner, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 90-3043.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Feb. 4, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Clyde H. Hamilton, District Judge. (CA-88-2538-7-15K)
 John Leslie Smith, Spartanburg, S.C., for appellant.
 Julie Anne Sammons, Assistant Regional Counsel, Office of the Chief Counsel, Department of Health and Human Services, Atlanta, Ga. (Argued), for appellee; Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Marvealavette D. Jackson, Assistant Regional Counsel, Office of the Chief Counsel, Department of Health and Human Services, Atlanta, Ga., Stuart M. Gerson, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C., James D. McCoy, III, Assistant United States Attorney, Greenville, S.C., on brief.
 D.S.C.
 REMANDED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 In the social security case before us, on September 30, 1983, claimant George Mullinax, a near deaf, illiterate, retarded, chronic alcoholic with dementia, an ulcer, and cirrhosis of the liver, filed a claim for Title XVI Supplemental Security Income alleging disability since October 1980. He was denied initially on January 10, 1984. Mullinax was not represented by counsel, and he did not appeal the denial.
 
 
 2
 Claimant filed a second application for Supplemental Security Income on July 7, 1986. The application was denied up through the reconsideration level. Claimant, now represented by an attorney, then requested a hearing. The hearing was held in Greenville, South Carolina on November 19, 1987 before an Administrative Law Judge (ALJ), who by decision dated February 23, 1988 held claimant to be "disabled" under the Act based upon his application filed July 7, 1986. The ALJ found that claimant's disabling impairments included several duodenal ulcers, cirrhosis of the liver, chronic alcoholism with dementia, hearing impairment, borderline intellectual functioning and borderline personality disorder, and he found that the testimony presented on the claimant's behalf was credible and was fully supported by objective findings.
 
 
 3
 At the hearing, the claimant's attorney moved to have the determination in 1984 denying claimant's prior application reopened and revised on the grounds that at that time claimant was acting pro se and was mentally incapable of understanding the administrative process and protecting his own rights, and that claimant would be denied his right to due process if the prior application were not so reopened and redetermined, pursuant to the authority of Shrader v. Harris, 631 F.2d 297 (4th Cir.1980). No separate evidentiary hearing was afforded on the motion under Shrader to reopen. In his decision of February 23, 1988 the ALJ denied the motion, stating that he found that the "claimant was not so mentally incompetent that he could not understand his appeal rights at the time of the prior denial" because the "record does not contain substantial evidence of the claimant's mental condition in 1984."
 
 
 4
 Claimant appealed the decision to the Appeals Council, and submitted additional sworn statements of the Secretary's examining physician and clinical psychologist. The Appeals Council affirmed the ALJ's decision on August 9, 1988, stating, without mentioning the Shrader case, that, since more than two years had elapsed between the prior denial and current application, "no basis for reopening is applicable under the regulations."
 
 
 5
 Claimant then commenced the present action in the United States District Court for the District of South Carolina on September 23, 1988 seeking review and reversal of the final decision of the Secretary refusing to reopen, contending that there had been insubstantial evidence to support the Secretary's decision as to claimant's mental competence vel non at the time of the prior denial and that there was unconstitutional denial of claimant's right to due process.
 
 
 6
 Instead of filing an answer and transcript of the proceedings, however, the Secretary filed a motion to dismiss on February 3, 1989. Opposing memoranda were exchanged, and claimant submitted copies of various documents to the court, all the originals being in the hands of the Secretary, who had declined to prepare a transcript for the court. On April 3, 1989, an order was entered by William M. Catoe, Jr., United States Magistrate Judge, who directed the Secretary to respond to the issues raised and to file a transcript of the proceedings below with the court. Meanwhile, claimant George Mullinax had died on March 16, 1989, and his surviving spouse, Margaret Mullinax, petitioned the court to be substituted as party plaintiff. Accordingly, Magistrate Judge Catoe entered an order for substitution of party on May 2, 1989. Thereafter, further opposing memoranda were submitted to the court by the claimant and the Secretary.
 
 
 7
 Following oral argument before the United States Magistrate Judge in Greenville, South Carolina, on August 15, 1989, Magistrate Judge Catoe on August 17, 1989 entered his report and recommendation. His conclusions and recommendation were as follows:
 
 
 8
 This is a very unusual case. Based upon the medical reports in this record from Drs. Pedersen and Desai, in 1983 the plaintiff was a functional illiterate and a chronic alcoholic who had a severe hearing problem.
 
 
 9
 In Young v. Secretary, 859 F.2d 319 (4th Cir.1988), the court held that it offends fundamental fairness to bind a claimant to an adverse ruling when the claimant lacks both the mental competency and the legal assistance necessary to contest the initial determination. As this plaintiff was deaf, illiterate, and a chronic alcoholic, the only reasonable conclusion is that he did not have the capacity to perfect his appeal.
 
 
 10
 Wherefore, it is recommended that the Secretary's decision not to reopen the determination of January 10, 1984, on the grounds of administrative finality, be reversed.
 
 
 11
 On September 15, 1989, the Secretary filed his objection to the Magistrate Judge's report and recommendation. Claimant then filed his objections with the court.
 
 
 12
 On January 25, 1990, District Judge Hamilton entered his order granting the Secretary's motion to dismiss, concluding that the Secretary's actions were within the bounds of due process and that evidence submitted to the Appeals Council was not probative on the issue of substantial evidence, and that the ALJ's decision on the issue of claimant's mental incompetence was supported by substantial evidence. Judgment was entered January 25, 1990.
 
 
 13
 Claimant then filed notice of appeal to the United States Court of Appeals for the Fourth Circuit on March 26, 1990 seeking reversal of the decision below.
 
 
 14
 In Shrader v. Harris, 631 F.2d 297 (4th Cir.1980), we held that when mental illness precluded a pro se claimant from understanding how to obtain an evidentiary hearing after ex parte denial of his application for benefits, the summary dismissal on res judicata grounds of his motion for a hearing with respect to a subsequent application deprives that claimant of property without due process of law. Such may be the case here: while the Administration paid lip service to the mandates of Shrader, in point of fact the merits of the Mullinax case were largely unconsidered. There was no separate evidentiary hearing on the issue of Mullinax's mental competence in order to determine if he was entitled to have reopened his initial denial of benefits.
 
 
 15
 The government has taken the position that the 1988 hearing before the ALJ--which determined that Mullinax was entitled to benefits beginning at that time, but not entitled to have reopened his entitlement to benefits from the time of the earlier application--satisfied the requirements of Shrader and its progeny. Had the ALJ adequately considered the issue of Mullinax's earlier mental state, there might well have been evidence meritorious enough to support the contention--that the hearing properly determined both his current entitlement to benefits and his entitlement to have the earlier denial reopened. The ALJ, however, gave no detailed consideration to the issue, took no evidence, and in his decision following the hearing, gave to the issue only the most conclusory, perfunctory treatment. Moreover, the conclusion was unsupported by the evidence in the record. All of the many medical reports in the record, consistently and with support by objective medical evidence, indicated the claimant's incompetence. The ALJ simply alluded to reports made on the claimant's behalf and declared them to be not credible.
 
 
 16
 The statements of Dr. Diehl in December 1987 concerning the claimant's mental capacity are based merely on speculation. The undersigned is not persuaded that the claimant was so mentally impaired in 1984 as to meet the criteria of Shrader v. Harris. Thus, the undersigned finds the determination of January 10, 1984 is administratively final and is not subject to reopening under the criteria of Shrader v. Harris.
 
 
 17
 Beyond such refusal to accept the credibility of the claimant's doctors, the ALJ pointed to no counter evidence.
 
 
 18
 The ALJ's conclusory decision did not offer sufficient rationale to permit meaningful review. As we held in Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir.1986), "[a]dministrative determinations are required to be made in accordance with certain procedures which facilitate judicial review" and not to do so is reversible error.
 
 
 19
 The Secretary's own examiner, Dr. Arthur M. Pederson, wrote following his November 8, 1983 examination of the claimant: "Patient has a second grade education but is unable to read or write"; "The left ear has no apparent hearing"; "The right ear has decreased hearing"; "There is an apparent rotational deformity of the right lower leg.... The patient's arms and legs are rather thin and typical of a chronic alcoholic"; "I had patient attempt to count coins for me and with $1.39 worth of coins on the table, he was unable to count this group of coins accurately. He is unable to read and was not able to do anything excepting sign his name"; "[T]his man is suffering from ... probable cirrhosis of the liver [and] pulmonary emphysema." The inference is to be drawn that the conditions described existed at the time reopening was sought. This prima facie evidence of incompetence was even closer in time to the claimed date of incompetence than was made in Shrader itself. 631 F.2d at 299. The record lacks sufficient countervailing evidence to establish that Mullinax in 1984 was competent. Any positive number is greater than zero. Only unsubstantiated belief and disbelief are advanced as reasons by the ALJ.
 
 
 20
 One other error below bears mentioning here. Unlike in the courts, where the record is closed following trial, in disability administrative proceedings a claimant may add factual material to his record at any point in the administrative process until the Secretary makes a final appealable order at the Appeals Council level. The hearing before the ALJ is but one point in the middle of a many-layered adjudicatory process, at any point of which a claimant (or the Secretary, for that matter) may continue to add record information. See 20 C.F.R. Secs. 416.1470(b), 404.970(b).
 
 
 21
 In this case, the claimant submitted to the Appeals Council additional sworn statements of the Secretary's examining physician, Arthur Pederson, M.D., and the Secretary's examining clinical psychologist, Luther A. Diehl, Ph.D. These statements discussed the prior reports of these doctors, already in evidence before the ALJ, documenting the mental incompetence of Mullinax at the time of the prior denial. The Appeals Council entirely ignored this additional evidence of mental incompetence, concluding that the matter was closed.
 
 
 22
 The district court erred in holding that the Appeals Counsel was not obligated to consider this material as part of the record upon which the Council would determine if the ALJ's decision was supported by substantial evidence. According to the district court, the prima facie case of mental incompetence required by Shrader can only be presented to the ALJ (only one of many layers in the administrative process) and the claimant may not bolster his case to the Secretary (as he may with any other sort of disability related administrative claim) and is barred by res judicata (or administrative finality) from bringing his case to the federal courts.
 
 
 23
 The district court may have misperceived the thrust of our opinion in Brown v. Harris, 669 F.2d 911 (4th Cir.1981). The district court misused the following quote in coming to its erroneous conclusion that the claimant could not submit additional evidence to the Appeals Council:
 
 
 24
 We ruled [in Shrader ] that ... the claimant has the burden of presenting prima facie evidence of incompetency to the Secretary. Although Brown has presented to us his claim that he is and was a chronic alcoholic and that he therefore was mentally incompetent within the meaning of Shrader, there is no evidence that Brown presented to the Secretary prima facie evidence that he was incompetent at the time that his initial claim was rejected.
 
 
 25
 Id. at 913. The district court declared that he was facing the "exact situation faced by the court in Brown." But in Brown the claimant was attempting to open up the record at the court level to present new evidence, whereas Mullinax was only attempting to present more evidence to the Secretary. Apparently, the district court read the word "ALJ" where the Brown court had written "Secretary." What the district court apparently overlooked is that the Appeals Council is the Secretary just as much as is the ALJ, and therefore evidence presented to that body is competent when consistent with the claimant's "burden of presenting prima facie evidence of incompetency to the Secretary."
 
 
 26
 Accordingly, we determine that there should be a remand and, upon remand, the question of mental competency vel non, perhaps relating back to 1980, should be readdressed by the Secretary.
 
 
 27
 REMANDED.