HEANEY, Senior Circuit Judge.
 

 Jack E. Brown appeals from the order of the district court dismissing his complaint for lack of subject matter jurisdiction. Brown seeks review of a decision of the Secretary of Health and Human Services (Secretary) applying administrative res ju-dicata to dismiss Brown’s second application for social security disability insurance benefits and refusing to reopen Brown’s first application. We reverse and remand.
 

 BACKGROUND
 

 Brown first applied for disability insurance benefits on July 12, 1985. He applied without the help of counsel through the Social Security Telephone Service Center in Des Moines, Iowa, which completed his application for him over the phone and forwarded it to the Social Security District Office. Brown alleged disability commencing February 28, 1978 due to a back injury, surgery on his back and knees, and a nerve problem in his back. W. Wayne Sands, M.D., a psychiatrist, examined Brown for the Social Security Administration (SSA) on August 28, 1985. Dr. Sands diagnosed Brown as suffering from somatoform disorder, psychogenic pain disorder, anxiety disorder, post-traumatic stress disorder with depression, atypical mixed or other personality disorder including passive/aggressive personality traits and borderline personality traits, hypertension, musculoskeletal injury, and neuromuscular
 
 *1241
 
 dysfunction of the lower spinal cord with peripheral neuropathy.
 

 Brown’s application was denied initially on February 26,1986. Brown made a timely request for reconsideration and his application was again denied. The notice of reconsideration, dated September 12, 1986, stated that if Brown desired a hearing before an administrative law judge (ALJ), he must request one within sixty days.
 

 Brown called the Social Security Telephone Service Center on November 6, 1986 to request a hearing. Brown stated in an affidavit that a worker at the Telephone Service Center told him that his appeal period had almost expired, but that they would send hearing request forms to his lawyer.
 
 [1]
 

 Hearing request forms were mailed to an attorney whose name Brown provided on November 10, 1986. On December 3, 1986, a letter was sent to Brown stating that if he did not respond in ten days, the Social Security Administration would assume that he no longer desired a hearing. Brown’s lawyer signed and forwarded the hearing request forms to Brown on December 5, 1986. Brown signed and mailed his request for a hearing on January 10, 1987. It arrived at the Social Security District Office on January 14, 1987, 122 days after Brown received the notice of reconsideration.
 

 An AU dismissed Brown’s request for a hearing on February 17, 1987, as untimely filed. The AU noted that Brown was fully oriented and in contact with reality, notwithstanding any psychological problems he may have had, and regarded Brown’s phone call to the Telephone Service Center as evidence that Brown understood the need to file a request for hearing within the sixty-day period. The AU observed that Brown gave no explanation for his late filing and that the record showed no “misleading action on the part of the Administration.” Accordingly, the AU found no reason to extend the time period for filing a request for hearing. Brown took no further action on his first application for benefits.
 

 On December 29, 1987, Brown again applied for disability insurance benefits, alleging disability commencing February 28, 1978 due to back surgery, degenerative joint and vertebra disease, and a tumor in the L-5 vertebra. He submitted additional medical evidence in support of his claim. The application was denied initially based on a review of medical reports and records dating from February 24, 1977 through December 18, 1987. Brown requested reconsideration and was again denied benefits.
 

 Brown made a timely request for a hearing before an AU. Because Brown last met the earnings requirement on December 31,1984 and the reconsideration decision on his first application was issued on September 12, 1986, Brown could be found eligible for disability insurance benefits only if his first claim could be reopened. Under social security regulations, only “new and material evidence” would constitute good cause to reopen the determination of Brown’s first application.
 
 See
 
 20 C.F.R. §§ 404.988(b), 404.989(a)(1).
 

 After reviewing the medical evidence accompanying Brown’s first and second applications for benefits, the AU found that “[mjedical evidence created since September 1986 does not conflict with the evidence that was in existence at that time nor does it imply that the prior determination was incorrect. New and material evidence has not been introduced. Good cause to reopen the September 12, 1986 determination has not been furnished.” The AU thus found that the September 12, 1986 determination was res judicata as to Brown’s second application for benefits. Consequently, Brown has never received a hearing on his claim.
 

 After the Appeals Council denied Brown’s request for review of the AU’s dismissal, Brown filed this action in the district court. The district court dismissed Brown’s complaint for lack of subject matter jurisdiction, citing
 
 Califano v. Sanders,
 
 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Brown appeals.
 

 DISCUSSION
 

 In
 
 Califano v. Sanders,
 
 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that the Social Securi
 
 *1242
 
 ty Act does not authorize judicial review of a decision by the Secretary refusing to reopen a claim for benefits.
 
 Id.
 
 at 107-08, 97 S.Ct. at 985-86. Because a petition to reopen a prior claim may be denied without a hearing, it does not constitute a “final decision of the Secretary” subject to judicial review within the meaning of the Act.
 
 [2]
 

 Id.
 
 at 108, 97 S.Ct. at 985. Similarly, courts ordinarily lack jurisdiction to review the Secretary’s application of res judicata to a claim for benefits.
 
 See Harapat v. Califano,
 
 598 F.2d 474, 477 (8th Cir.1979). If a denial of a petition to reopen or a finding of res judicata is challenged on constitutional grounds, however, judicial review is available notwithstanding the absence of an administrative hearing.
 
 See Sanders,
 
 430 U.S. at 109, 97 S.Ct. at 986;
 
 Harapat,
 
 598 F.2d at 477 n. 3.
 

 Additionally, if the Secretary reconsiders the merits of an application previously denied, the claim may properly be treated as having been reopened as a matter of administrative discretion.
 
 Hudson v. Bowen,
 
 870 F.2d 1392, 1395 (8th Cir.1989);
 
 Underwood v. Bowen,
 
 807 F.2d 141, 143 (8th Cir.1986);
 
 Jelinek v. Heckler,
 
 764 F.2d 507, 508 (8th Cir.1985). The final decision of the Secretary denying such a claim is subject to judicial review to the extent it has been reopened, without regard to the expressed basis for the Secretary’s denial.
 
 See Jelinek,
 
 764 F.2d at 508;
 
 see also Cleaton v. Secretary, Dep’t of Health & Human Servs.,
 
 815 F.2d 295, 298 (4th Cir.1987);
 
 Purter v. Heckler,
 
 771 F.2d 682, 693-96 (3d Cir.1985);
 
 Cherry v. Heckler,
 
 760 F.2d 1186, 1189 (11th Cir.1985);
 
 Taylor for Peck v. Heckler,
 
 738 F.2d 1112, 1115 (10th Cir.1984);
 
 McGowen v. Harris,
 
 666 F.2d 60, 65-66 (4th Cir.1981).
 

 The Secretary treated Brown’s second application for benefits as an implied request to reopen the determination of his first application.
 
 See Brown v. Sullivan,
 
 No. 89-290-B (S.D.Iowa Aug. 22, 1989) (Defendant’s Motion to Dismiss). Under the Secretary’s regulations, a determination may be reopened for good cause within four years of the date of the notice of the initial determination. 20 C.F.R. § 404.-988(b) (1990). “Good cause” includes, among other things, the furnishing of new and material evidence. 20 C.F.R. § 404.-989(a)(1) (1990). Brown filed his second application for benefits within four years of the notice of the initial denial of his first application, and furnished new evidence in support of his claim.
 

 The notices Brown received informing him of the denial of his second claim indicate that his previous claim was reviewed on the merits, both initially and on reconsideration. The explanation accompanying the initial denial of Brown’s second application lists the medical reports used to decide Brown’s claims. Many of these reports, which dated from February 24, 1977 through December 18, 1987, were submitted in support of Brown’s first application. The denial notice discusses only the merits of the claim, making no mention of Brown’s previously denied application. Because both applications claimed the same onset date and the same impairments, a review of the merits of the second application necessarily included a review of the merits of the first application.
 

 The denial notice Brown received following reconsideration of his second application for benefits read as follows:
 

 Upon receipt of your request for reconsideration, we had your claim reevaluated. To insure a new and independent decision, a special group other than the one that made the previous determination reviewed your case. All the evidence was considered; this includes the additional evidence and information received since the previous determination. After a thorough evaluation of your case it has been determined that the previous decision was correct.
 

 Because Brown filed his second application within four years of the initial denial of his first claim, the Secretary could, consistent with SSA regulations, reopen Brown’s first claim for good cause.
 
 See
 
 20 C.F.R. § 404.988(b) (1990). The reconsideration notice’s conclusion that “the previous decision was correct,” made after “a thorough evaluation” of “all the evidence,” indicates that the Secretary in fact reopened and redetermined the merits of Brown’s first claim at the reconsideration level.
 

 Where a previously denied claim has been reconsidered on the merits, it is properly treated as having been reopened as a matter of administrative discretion.
 
 Jeli-
 
 
 *1243
 

 nek,
 
 764 F.2d at 508. “Consequently, the final decision of the Secretary denying such a claim is also subject to judicial review to the extent it has been reopened.”
 
 Id.
 
 (citing
 
 McGowen,
 
 666 F.2d at 65-66). The Secretary’s reopening of Brown’s first claim in denying his second claim initially and on reconsideration gave the district court jurisdiction to review the Secretary’s final decision denying Brown’s request for a hearing.
 
 See Cleaton,
 
 815 F.2d at 298-99 (Secretary’s de facto reopening of previously denied claim initially and on reconsideration subjected decision to judicial review, notwithstanding ALJ’s dismissal of hearing request on res judicata grounds);
 
 McGowen,
 
 666 F.2d at 65-66 (reconsideration on merits of previously denied claim to any extent at any administrative level subjects Secretary’s final decision denying claim to judicial review).
 
 But see Morris v. Sullivan,
 
 897 F.2d 553, 558 (D.C.Cir.1990) (previously denied claim is subject to judicial review only when the agency “has clearly stated or otherwise demonstrated that it has in fact reopened the original case on the merits and consequently has held a mandatory § 405(b) hearing to reconsider the prior claim afresh”).
 

 Because Brown's second application was, for purposes of res judicata, identical to his first, the Secretary could have invoked res judicata as to the second application at either the initial or reconsideration level.
 
 See Earley v. Dep’t of Health & Human Servs.,
 
 776 F.2d 782, 783 (8th Cir.1985); see
 
 also Cleaton,
 
 815 F.2d at 299. The Secretary could have denied the second application on this basis at these levels regardless of the new evidence which Brown submitted.
 
 See McGowen,
 
 666 F.2d at 65; see
 
 also
 
 20 C.F.R. § 404.988(b) (1990) (stating that SSA
 
 may
 
 reopen a determination on finding of good cause). Instead, however, Brown’s first claim for benefits was reopened on the merits in the initial and reconsideration determinations of Brown’s second application.
 

 The AU dismissed Brown’s request for a hearing on grounds of res judicata under 20 C.F.R. § 404.957(c)(1).
 
 [3]
 
 This regulation permits such dismissals when a previous determination by the Secretary on the same issues “has become final by either administrative or judicial action.” The Secretary’s denial of Brown’s first claim became final through administrative action when Brown failed to request Appeals Council review of the dismissal of Brown’s request for a hearing on his first claim. By reopening Brown’s first claim on the merits, however, the Secretary nullified the res judicata effect of the prior determination.
 
 See McGowen,
 
 666 F.2d at 65-66. Brown made a timely, written request for a hearing before an ALJ on the reconsidered determination of his second application. The Secretary’s regulations entitled Brown to such a hearing.
 
 See
 
 20 C.F.R. §§ 404.-929, 404.930(a)(1), (3), 404.933(a).
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the district court’s order dismissing Brown’s complaint. We remand this case to the district court with instructions to remand it to the Secretary for an administrative hearing on the merits of Brown’s claim for benefits.
 

 [1]
 

 . The record does not indicate precisely when Brown acquired counsel. The district court stated that "[I]t is undisputed that plaintiff had counsel at least as early as February 17, 1987.”
 
 Brown v. Sullivan,
 
 No. 89-290-B, slip op. at 2 n. 1 (S.D.Iowa Aug. 22, 1989). At the Telephone Service Center’s request, Brown apparently provided the name of an attorney a few days after his phone call of November 6, 1986. Brown was again unrepresented by counsel when he made his second application for benefits. He obtained counsel following the reconsideration denial of his second application.
 

 [2]
 

 . 42 U.S.C. § 405(g) states:
 

 Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
 

 42 U.S.C. § 405(g) (1988).
 

 [3]
 

 . That regulation states:
 

 An administrative law judge may dismiss a request for a hearing under any of the following conditions:
 

 (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because—
 

 (1) The doctrine of
 
 res judicata
 
 applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]
 

 20 C.F.R. § 404.957(c)(1) (1990).