**Mildred WILLIAMS, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health & Human Services, Defendant.**

**No. 90–4421–CV–C–5–3.**

United States District Court, W.D. Missouri, W.D.

Dec. 9, 1991.

---

**2.** Plaintiff seeks time for discovery but did not file a Rule 56(f) affidavit. Further, from plaintiff's statements at her deposition it appears unlikely that future discovery would produce new information.

Larry O. Denny, Kansas City, Mo., for plaintiff.

Gay L. Tedder, U.S. Atty's. Office, Kansas City, Mo., for defendant.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Plaintiff in the above-styled matter filed a complaint pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), alleging she has been adversely affected by a final decision of the Secretary (Complaint Case No. 90–4421–CV–C–5 at 1–2) (Doc. # 4). The Secretary answered this charge by moving the Court to dismiss Plaintiff's cause for lack of subject matter jurisdiction (Def. Mot. Dis. at 3–9) (Doc. # 12). The Secretary argues that the determination in question was merely the dismissal of "plaintiff's request for a hearing," *Id.* at 5, and, as such, was not a final decision entitled to judicial review under Section 205(g). The plaintiff responded by stating that she believed that the matter in question amounted to the reopening of a previous case by the Secretary, and therefore, the Secretary's decision, under the principles enunciated in *Brown v. Sullivan*, 932 F.2d 1243 (8th Cir.1991), amounts to a final deci-sion subject to judicial review (Pl. Resp. to Def. Mot. Dis.) (Doc. # 14). Plaintiff, also, candidly concedes that she cannot absolutely confirm this fact because she has been denied access to the transcript of the proceeding in question. *Id.* at 1–2. Accordingly, Plaintiff, in her response, moves this Court to direct the Secretary to produce a copy of the transcript of the proceedings. *Id.* The Secretary replied by objecting to the request that he be Ordered to produce the transcript (Def. Resp. to Pl. Resp. to Def. Mot. Dis. at 1–2) (Doc. # 19). As grounds for the objection, the Secretary reasoned that since he had determined that the matter in question did not amount to a final decision, and since there was no duty to provide a transcript except in proceedings resulting in a final decision, the Secretary had no duty to produce a transcript in this matter.

This Court finds such Kafkaesque reasoning remarkable. If one of the purposes of the act administered by the Secretary is to fairly award benefits actually due beneficiaries, it would seem that he would endeavor to review and make available such information as would be reasonably necessary to make such determinations possible. Additionally, the Court believes that the Secretary's lawyer has a duty beyond just zealously representing her client. It is the Court's view that there is a special duty imposed on government lawyers to "seek justice and to develop a full and fair record." Model Code of Professional Responsibility, E.C. 7–14; *see also Jones v. Heckler*, 583 F.Supp. 1250, 1256 n. 7 (N.D.Ill.1984) (noting that "counsel for the United States has a special responsibility to the justice system.... [a] government lawyer in a civil or administrative proceeding has the responsibility to seek justice and to develop a full and fair record"). Certainly, in this case, it would seem that, absent the opportunity to review the transcript of the proceeding in question, Plaintiff will be deprived any reasonable opportunity to demonstrate to the Court that her case is eligible for judicial review (if, in fact it is). In addition, if the transcript reveals what the Secretary contends it does, his position will be sustained without any harm having been

done. Indeed, the additional light the facts contained in the record transcript will shed upon this matter seem, to this Court, essential to illuminate whether the Secretary's position or the Plaintiff's position is correct.

In this Court's view, more light, not less, is needed to assure that this matter is resolved fairly and justly and in a manner consistent with the mandates of the Social Security Act. Accordingly, the Secretary is hereby

ORDERED to produce the requested transcript, on or before December 20, 1991. It is further

ORDERED that Plaintiff will be granted thirty days thereafter to respond to the Secretary's Motion to Dismiss. This Court notes that Plaintiff has also moved this Court for an Extension of Time to File a Motion for Summary Judgment and Supporting Suggestions (Doc. # 20). Accordingly, finding that good cause exists, it is further

ORDERED that Plaintiff shall be granted until thirty days after the Secretary produces above-referenced transcript to file a Motion for Summary Judgment and Supporting Suggestions.

IT IS SO ORDERED.