977 F.2d 419
 39 Soc.Sec.Rep.Ser. 36, Unempl.Ins.Rep. (CCH) P 16920A
Betty J. DAVIS, Appellant,
v.
Louis SULLIVAN, Secretary of Health and Human Services of
the United States, or his successor or successors
in office, Appellee.
 No. 92-1308.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 15, 1992.
Decided Oct. 6, 1992.
 
 Betsy Ann T. Stewart, Independence, Mo., argued, for appellant.
 Alleen S. Castellani, Asst. U.S. Atty., Kansas City, Mo., for appellee.
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Betty J. Davis appeals from an order of the district court dismissing her complaint for lack of subject matter jurisdiction. Davis seeks review of a decision of the Secretary of Health and Human Services (Secretary) applying administrative res judicata to dismiss Davis's second application for social security disability insurance benefits and refusing to reopen Davis's case.
 
 
 2
 We affirm.
 
 BACKGROUND
 
 3
 Davis first applied for disability insurance benefits on June 8, 1981. She alleged disability commencing October 10, 1973, because of heart trouble, diabetes, and allergies. Davis's application was denied initially and on reconsideration. The notice of reconsideration stated that Davis could request a hearing before an administrative law judge (ALJ) within a prescribed time period or file another application at any time. Pursuant to the notice of reconsideration, Davis requested a hearing. A hearing was then held before an ALJ, and a denial decision was issued on June 30, 1982. The notice of denial informed Davis of her right to request a review of the ALJ's decision within a prescribed time period. Davis requested review, and on October 13, 1982, the Appeals Council notified her that it was denying her request. In this notice, the Appeals Council advised Davis of her right to seek judicial review. However, Davis filed no appeal.
 
 
 4
 On October 26, 1988, Davis again applied for disability insurance benefits. This application was based on the same impairments and period of disability as the first application. The application was denied, and Davis was informed of her right to request a reconsideration or file another application. Davis requested reconsideration and it was denied. Again, Davis was notified that she could either request a hearing or file another application. On March 21, 1989, Davis filed a request for a hearing. This request was dismissed by the ALJ based on the doctrine of res judicata. The notice of dismissal stated that Davis had a right to appeal to the Appeals Council within a prescribed amount of time, which she did. The Appeals Council denied Davis's request for review, and she subsequently requested her case be reopened. On January 22, 1991, however, the Appeals Council again concluded that the ALJ's order of dismissal was appropriate. Davis then sought judicial review in the United States District Court for the Western District of Missouri. The district court dismissed Davis's complaint, stating that it did not have jurisdiction. Davis appeals.
 
 DISCUSSION
 
 5
 Courts ordinarily lack jurisdiction to review the Secretary's application of res judicata to a claim for social security benefits. Brown v. Sullivan, 932 F.2d 1243, 1246 (8th Cir.1991). Likewise, the Social Security Act does not authorize judicial review of a decision by the Secretary refusing to reopen a claim for benefits. Id. at 1245-46 (citing Califano v. Sanders, 430 U.S. 99, 107-08, 97 S.Ct. 980, 985-86, 51 L.Ed.2d 192 (1977)). However, if a finding of res judicata or a denial of a petition to reopen is challenged on constitutional grounds, judicial review is available despite the absence of an administrative hearing. Brown, 932 F.2d at 1246. To obtain review, Davis asserts a constitutional violation.
 
 
 6
 Regarding Davis's first application, she claims that her Fifth Amendment rights were violated because the Social Security Administration (SSA) did not inform her of the consequences of failing to appeal to the district court. She argues that the SSA misled her into believing she could file a new claim at any time without it being affected by any prior determinations. Davis's argument is based on the language used by the SSA in its Notices of Reconsideration and Notices of Disapproved Claims. The language, in substance, states that a claimant may either timely request a reconsideration or hearing, depending on the claim's status in the administrative process, or file another application at any time. Indeed, this language could prejudice a claimant who decides to file a new claim instead of requesting a reconsideration or hearing.[1] However, the sufficiency of the notice of reconsideration and notice of disapproved claim is not at issue in this case.
 
 
 7
 At issue is the sufficiency of the notice denying Davis's request for review of the ALJ's decision pursuant to her first application for benefits. This notice stated: "If you desire a court review of the hearing decision, you may commence a civil action in the district court of the United States in the judicial district in which you reside within 60 days from receipt of this letter...." Because Davis did not choose the only option available to her, which was appealing to the district court, she cannot now assert that the notice was constitutionally infirm. Thus, under the facts of this case, Davis's constitutional challenge is without merit.
 
 
 8
 Because Davis filed the second application more than four years after determinations were made regarding the first application, we must find error on the face of the evidence that was considered in making the earlier determinations to have the case reopened. Conditions for Reopening, 20 C.F.R. § 404.988(c)(8) (1992). After carefully reviewing the record, we find no error on the face of the evidence that was presented.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 In Gipson v. Harris, 633 F.2d 120, 122 n. 2 (8th Cir.1980), the court stated: "Specifically, the Secretary's solicitation of a new application, in our view, constitutes an SSA promise that the defenses of res judicata and collateral estoppel under 20 C.F.R. §§ 404.937(a) and 404.938a (1979) will not be asserted against Gipson should she file a new claim for SSA disability benefits."