Melba BURKS–MARSHALL,* Appellant,

v.

Donna E. SHALALA, Secretary of the Department of Health and Human Services, Appellee.

No. 93–1289.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Oct. 8, 1993.

* The appellant's name has alternately been spelled Burks and Burke. The record suggests that when she signed her own name, she used the former spelling, so we use Burks here.

James W. Stanley, North Little Rock, AR, for appellant.

Martin W. Long, Dallas, TX, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This is an appeal of an order issued by the District Court[1] in a social-security disability case. The principal question presented has to do with the sufficiency and fairness of the notice that the Social Security Administration at one time used to inform losing claimants of their right to further review. We hold that the claimant in this case has not shown that she relied on the notice or was misled by it. She therefore has no standing to contest the legal sufficiency of the notice, and we affirm.

## I.

The claimant, Melba Burks–Marshall, initially filed applications for a period of disability and disability insurance benefits on June 15, 1981, and August 30, 1982.[2] These applications, which alleged an onset of disability in 1981, were denied by the State agency, and the claimant did not seek further review. On October 20, 1988, the claimant filed a third application, this time alleging an onset date of June 1, 1986. The State agency and the Social Security Administration denied the 1988 application initially and on reconsideration.

At claimant's request, a hearing de novo was held on September 21, 1989, before an Administrative Law Judge (ALJ). During the course of the hearing, claimant's counsel asked that the onset date listed in the third application be amended, substituting the filing date of the first application, June 15, 1981, for the 1986 date, and that jobs held during 1982, 1983, and 1984 be treated as unsuccessful work attempts. Tr. 50, 69. The ALJ agreed to consider this request but made no ruling at the time.[3] *Ibid.*

On April 11, 1990, the ALJ issued a decision, finding that claimant was not disabled within the meaning of the Social Security Act, and thus was not entitled to a period of disability or disability insurance benefits.[4]

---

1. The Hon. Henry L. Jones, Jr., Chief United States Magistrate Judge for the Eastern District of Arkansas, presiding by consent of the parties under 28 U.S.C. § 636(c).

2. The claimant has suffered from many physical and mental difficulties. Indeed, the magistrate judge was moved to state that "this Court has never seen the like of plaintiff's medical and personal history." Slip op. 4 (Jan. 13, 1992). However, few of these details are relevant to the issues presented by this appeal, so we will not catalogue them here.

3. The ALJ did reopen the record of the 1988 claim to receive certain exhibits unavailable at the hearing. This is different from reopening the 1981 and 1982 claims.

4. Implicitly, this decision was also a rejection of the request to reopen, since it continued to refer

When the Appeals Council denied claimant's request for review, the ALJ's decision became the final decision of the Secretary.

The claimant filed this action in the District Court seeking reversal of the Secretary's decision. The District Court granted claimant's summary-judgment motion and reversed the Secretary's finding of no disability with respect to the 1988 claim.[5] In addition, the Court remanded the case to the Secretary for consideration of whether the jobs held by the claimant after 1981 should be considered "unsuccessful work attempts" for purposes of the statute; if so, the jobs would not bar claims during that period. This directive implied that the claimant might recover additional benefits on her pre-June 1, 1986 claims.

The Secretary filed a motion asking relief from the latter portion of the Court's order, arguing that an "unsuccessful work attempts" determination would be irrelevant since, in the 1988 application, the claimant had not alleged disability beginning before June 1, 1986. Additionally, the Secretary argued that she had not reopened the previous claims, and that the time limit for such action had lapsed. The District Court granted the motion, agreeing that the Secretary had not reopened the 1981 and 1982 claims, thereby relieving her from the contested portion of the order. This appeal followed.

## II.

The claimant urges this Court to reverse the District Court's decision with respect to her pre-June 1, 1986 claims. She makes three arguments. First, she contends that the 1981 and 1982 claims were effectively reopened by the ALJ. Second, she argues that even if these claims weren't reopened by the ALJ, they must be reopened now because of overwhelming factual support.

Third, she maintains that even if these claims could not ordinarily be reopened, the Secretary must do so here because the claimant received constitutionally deficient notice when her claims were rejected in 1982. We discuss each argument in turn.

■■ First, claimant suggests that the Social Security Administration effectively reopened her earlier case when the ALJ agreed to accept evidence connected with the claimant's 1981 and 1982 claims—even though (she says) he ultimately rejected those claims. For four years after notice of denial, the Secretary may reopen cases for good cause. 20 C.F.R. § 404.988(b). After that, the Secretary may still reopen cases where there is error on the face of the evidence. *Ibid.* Under the latter provision, the Secretary could have reopened the 1981 and 1982 claims, even though the limitations period had expired. However, there is no indication that she did so here. In *Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985), this Court said that where a claim has been reconsidered on the merits, it is properly treated as having been reopened as a matter of administrative discretion. In this case, however, the ALJ did not so much as refer to the claimant's pre–1986 claims in his decision. Furthermore, as the District Court observed, the mere allowance of evidence from the earlier applications, without more, cannot be considered a reopening of the earlier case.[6]

■ Second, claimant seems to argue that, if the ALJ did not reopen the earlier claims, then the District Court should be reversed for not ordering reopening itself, on the ground of error on the face of the evidence. Generally, however, as we stated in *Brown v. Sullivan:*

> [T]he Social Security Act does not authorize judicial review of a decision by the Secretary refusing to reopen a claim for

---

to June 1, 1986, as the alleged onset date and found that the claimant met the insured-status requirement on this date, rather than at some earlier time.

5. The Secretary has not contested this action. The Court felt so strongly about its ruling that it *sua sponte* granted attorney's fees to the claimant under the Equal Access to Justice Act.

6. Treating any admission of evidence from prior claims as a waiver of the Secretary's power not to reopen, as the claimant apparently suggests, would not be in the best interest of claimants. Such a rule might cause ALJs to resist the admission of evidence potentially advantageous to claimants. Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date.

benefits.... Because a petition to reopen a prior claim may be denied without a hearing, it does not constitute a "final decision of the Secretary" subject to judicial review within the meaning of the Act.

932 F.2d 1243, 1245–46 (8th Cir.1991), citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (citations omitted). Since the Secretary refused to reopen the 1981 and 1982 cases, the District Court lacked jurisdiction to order such an action, even if it had appeared, on the face of the evidence, that the refusal was in error.

Claimant's third argument for reinstating the 1981 and 1982 claims concerns the form notice of denial she received on November 3, 1982.[7] The text in question reads:

If you believe that this determination is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 60 days from the date you receive this notice.... Please read the enclosed leaflet for a full explanation of your right to question the determination made on your claim.

*If you do not request reconsideration of your case within the prescribed time period you still have the right to file another application at any time.*[8]

(Emphasis added.) Claimant argues that the last sentence gave the strong impression that her claims would not be lost if she filed a new claim later, rather than immediately appealing. She asserts that this language was so deficient as to violate her Fifth Amendment right to due process. If we find that a colorable constitutional claim has been made, the bar to judicial review of the Secretary's reopening decision is lifted. *Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986.

We have not squarely ruled on the constitutionality of the quoted notice language. However, in dicta, we have strongly hinted that the wording is deficient:

[The notice language], in substance, states that a claimant may either timely request a reconsideration or hearing, depending on the claim's status in the administrative process, or file another application at any time. Indeed, this language could prejudice a claimant who decides to file a new claim instead of requesting a reconsideration or hearing.

*Davis v. Sullivan*, 977 F.2d 419, 420 (8th Cir.1992).[9] Both the Ninth Circuit and several district courts have considered this issue; most of these courts have concluded that this precise language violates the procedural-due-process rights of claimants, at least those without legal counsel, or at a minimum creates a colorable constitutional claim—thus allowing a claimant to reopen or defeat a res judicata argument. *Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir.1990); *Aponte v. Sullivan*, 823 F.Supp. 277 (E.D.Pa.1993); *Christopher v. Secretary of Health and Human Services*, 702 F.Supp. 41 (N.D.N.Y.1989); *Butland v. Bowen*, 673 F.Supp. 638 (D.Mass. 1987); *Aversa v. Secretary of Health and Human Services*, 672 F.Supp. 775 (D.N.J. 1987); *Dealy v. Heckler*, 616 F.Supp. 880 (W.D.Mo.1984). But see *Gilbert v. Shalala*, 828 F.Supp. 815 (D.Colo.1993).[10]

We conclude that the claimant has no standing to raise the due-process issue. She has not shown that the alleged deficiency in the notice had any connection in fact with her own failure to seek review of the two early denials. The power to decide constitutional issues is a delicate one. It is reserved for those cases where the answer to the constitutional question makes a real differ-

---

**7.** The claimant did raise this issue below. Plaintiff's Response to Defendant's Motion for Relief from Order, at 4 (filed May 1, 1992) (unpaginated).

**8.** Social Security Notice of Disapproved Claim, November 3, 1982. Tr. 82.

**9.** *Davis* rejected a separate constitutional challenge to the sufficiency of the notice denying the claimant's request for review of the ALJ's decision. That decision was predicated, however, on the fact that the language gave the claimant only

one option, that of immediate appeal, which she did not pursue. 977 F.2d at 421.

**10.** *Gilbert* was an attempted class action involving multiple notice forms and covering several different benefit programs, including the language involved here. In that case the court found the plaintiffs lacked standing because they had failed to show any causal connection between the notice language and their failure to appeal.

ence to a person before the court. We do not sit to decide merely abstract questions, especially where the Constitution is concerned. The claimant suggests that she was assured that she did not need a lawyer, that the ALJ would take care of her interests, but this is a different point. She does not say that after reading the notice she understood it to mean that she could apply again at any time for benefits for the periods involved in her denied claims, and that, for that reason, she decided to forego further review at the time. Accordingly, we do not reach the constitutional issue in this case.

### III.

Claimant has not brought herself within any exception to the rule that we lack jurisdiction to review decisions of the Secretary not to reopen previously adjudicated claims. Therefore, whether her pre–1986 work experiences were mere unsuccessful attempts to work, so that a disability claim for the earlier years would not be barred, is not a question that relates to any issue over which the District Court had jurisdiction. That Court was correct in amending its judgment to eliminate any reference to the issue of unsuccessful work attempts, and its order to that effect is therefore

Affirmed.