52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Mildred WILLIAMS, Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services, Appellee.
 No. 94-3427
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 10, 1995
Filed: Apr. 25, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mildred Williams appeals from the final order of the district court[1] granting summary judgment to the Secretary. For the reasons set forth below, we affirm.
 
 
 2
 In September 1986, Williams applied for disability benefits, alleging disability as of March 13, 1982; her insured status also expired in September 1986. After her application was denied initially and on reconsideration, Williams's request for a hearing before an Administrative Law Judge (ALJ) was dismissed because her request was untimely and she had not shown good cause to extend the time for filing. The Appeals Council denied review; Williams did not seek judicial review.
 
 
 3
 In August 1988, Williams filed a second application for benefits, again alleging a March 13, 1982 onset. After it was denied, the ALJ dismissed her hearing request based on the doctrine of administrative res judicata, pursuant to 20 C.F.R. Sec. 404.957(c)(1). The Appeals Council denied her request for review.
 
 
 4
 Williams then sought judicial review, arguing that a determination made without a hearing could not be a proper basis for administrative res judicata. The district court granted summary judgment to the Secretary and Williams appealed.
 
 
 5
 The Secretary's application of administrative res judicata and refusal to reopen a claimant's prior claim is not a "final decision," and is thus unreviewable unless a constitutional issue is presented or the prior claim was reconsidered on the merits. See Davis v. Sullivan, 977 F.2d 419, 420 (8th Cir. 1992); Hudson v. Bowen, 870 F.2d 1392, 1394-95 (8th Cir. 1989).
 
 
 6
 Although Williams presents a colorable constitutional issue-the denial of procedural due process-we conclude the Secretary's res judicata use of the prior final decision did not violate Williams's right to procedural due process because Williams was given the opportunity, and understood her right, to appeal her prior application; Williams simply did not timely exercise that right. See Bullyan v. Heckler, 787 F.2d 417, 420 (8th Cir. 1986) (application of administrative res judicata constitutional when claimant understood remedies available and had meaningful opportunity to present claim); see also Lewellen v. Sullivan, 949 F.2d 1015, 1016-17 (8th Cir. 1991).
 
 
 7
 We reject as meritless Williams's alternative argument that she is nonetheless entitled to benefits. See Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994) (per curiam).
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri