62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Devin K. CALLIHAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-36141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1995.
Decided Aug. 1, 1995.
 
 Before: HUG and FERGUSON, Circuit Judges, and SCHWARZER,* District Judge.
 MEMORANDUM**
 Appellant, Devin Callihan, appeals the district court's decision affirming the conclusion of the Secretary of Health and Human Services ("Secretary") denying Callihan social security disability benefits for the period between August 14, 1989 and May 30, 1991.
 The form notice denying Callihan's first application for disability benefits violated our holding in Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990) by failing to adequately apprise Callihan that if he did not request reconsideration of the administrative law judge's ("ALJ") decision, it would become final. An applicant deprived of this procedural due process is entitled to remand for reopening and reconsideration of the denied claim. Id.
 The Gonzalez error was not cured, as the Secretary argues, by the district court's finding that Callihan's onset date was as he alleged in his second application. Because under Social Security Ruling 83-20, the presumptive onset date of disabilities of traumatic origin is the date of the injury, Callihan was entitled to an opportunity to establish that date as the onset date.
 The Secretary also argues that even if Gonzalez were violated, Callihan does not deserve reconsideration because the evidence would not support an earlier finding of disability. We disagree. The ALJ will reconsider all of the disability evidence from the date of the injury to determine whether Callihan qualifies. The record does not support the Secretary's conclusion that Callihan will be unable to prevail on his claim. We therefore decline to adopt the holding of the Eighth Circuit in Burks-Marshall v. Shalala, 7 F.3d 1346, 1348-50 (8th Cir. 1993) in this context. Similarly, Callihan's brief employment from the fall of 1990 to May 30, 1991, does not necessarily disqualify him from seeking disability benefits during that period. An applicant is entitled to a trial work period "during which [he] may test [his] ability to work and still be considered disabled." 20 C.F.R. Sec. 404.1592.
 Because we find that Callihan is entitled to have his first claim reopened and reconsidered, we need not now decide the remainder of his claims concerning the ALJ's failure to develop the record.
 The judgment of the district court is reversed and remanded with instructions to remand to the ALJ for reconsideration of Callihan's initial application for disability benefits.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3