# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1104

IRVIN J. EDWARDS, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued September 12, 2006                    Decided    January 10, 2008       )

*William S. Consovoy*, of Washington, D.C.; and *Mark R. Lippman*, of La Jolla, California, for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Mark M. McNabb*, all of Washington, D.C., for the appellee.

Before MOORMAN, LANCE, and SCHOELEN, *Judges*.

LANCE, *Judge*:  The appellant, Irvin J. Edwards, through counsel, appeals a June 23, 2004, Board of Veterans' Appeals (Board) decision denying him an effective date prior to January 14, 1997, for service connection for a psychiatric condition.  Record (R.) at 1-22.  Also pending before the Court is the appellant's September 8, 2006, motion to file a response to the Secretary's supplemental brief.  The Secretary opposes this motion.  The appellant's motion will be granted, and the Court has considered his brief as filed.  This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266.  For the reasons set forth below, the Court will affirm the June 23, 2004, Board decision.

## I.  FACTS

The appellant served on active duty for training in the U.S. Marine Corps from October 1, 1977, to April 4, 1978.  R. at 24.  In July 1978, the appellant submitted a formal claim to a VA regional office (RO) for service connection for a psychiatric condition.  R. at 48.  In August 1981, the RO denied the appellant's claim, finding that there was insufficient evidence that his nervous condition was incurred while on active duty for training.  R. at 103-05.  In July 1987, the appellant filed an application to reopen his claim for a "nervous condition."  R. at 111.  He was scheduled for a February 1988 VA medical examination.  R. at 186.  In a March 21, 1988, decision, the RO denied the appellant's claim after he failed to appear for that examination.  R. at 185, 191.  The notice read: "No further action will be taken unless we receive notification of willingness to report for examination.  If you do so, an examination will be re-scheduled and the claim will be reconsidered when the examination is completed."  R. at 191.  It also read: "NEW EVIDENCE.  You may submit additional evidence to strengthen your claim.  It is in your interest to send us any new evidence as promptly as possible.  We will carefully consider it and let you know whether it changes our decision."  R. at 192.

On January 14, 1997, the appellant filed another application to reopen his claim.  R. at 194-97.  In July 1997, the RO declined to reopen his claim because the appellant had not submitted new and material evidence.  R. at 194-201.  In March 1999, however, on appeal of the July 1997 decision denying the appellant's application to reopen his claim, the RO granted the appellant service connection and a 50% disability rating for a psychiatric condition effective January 14, 1997.  R. at 308-10.  On March 22, 1999, the appellant submitted a Notice of Disagreement (NOD).  R. at 315-16.  In April 1999, the RO issued a Statement of the Case (R. at 318-24), and the appellant then perfected his appeal to the Board (R. at 326-27).

On January 26, 2001, the Board found that the appellant did not meet the criteria for an effective date prior to January 14, 1997, for his psychiatric condition.  R. at 359-65.  On April 27, 2001, pursuant to a joint motion, this Court remanded the matter to the Board.  R. at 386.  On June 23, 2004, following additional development, the Board issued the decision appealed here.  R. at 1-22.  The Board found that the appellant did not meet the criteria for an effective date prior to January 14, 1997, the date of his claim.  R. at 3.  Accordingly, the Board denied his claim for an earlier effective date.  R. at 20.

On appeal, the appellant solely asserts violations of his right to constitutional due process. First, he asserts he had a due process right to more complete notice of the res judicata effect of the failure to appeal the March 1988 RO decision and the effect of the failure to submit additional evidence in support of that claim. Appellant's Brief (Br.) at 4. He specifically asks the Court to apply the holding of *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990), to this case, asserting that *Gonzalez* supports his argument that it is a violation of his right to procedural due process for VA to provide notice that does not adequately notify a claimant of the res judicata effect of missing the deadline to submit additional evidence in support of an existing claim. Appellant's Br. at 9-10. The appellant next asserts that the notice VA provided was constitutionally, procedurally defective and asks the Court to employ equitable tolling to extend the deadline within which to submit additional evidence under the 1987 application until the time he submitted evidence in 1997. *Id*. The appellant asks the Court to vacate and remand the Board decision on appeal. *Id*. at 17. The Secretary asserts that he provided accurate notice to the appellant and that the notice provided discharged his regulatory duties. Secretary's Br. at 11-12. He asks the Court to affirm the Board decision. *Id.*

## II. ANALYSIS

Section 5110(a) of title 38, U.S. Code, governs the assignment of an effective date for an award of benefits.

> [T]he effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110(a). The implementing regulation similarly states that the effective date shall be the date of receipt of the claim or the date entitlement arose, whichever is later, unless the claim is received within one year after separation from service. *See* 38 C.F.R. § 3.400 (2007). A Board determination of the proper effective date is a finding of fact that the Court reviews under the "clearly erroneous" standard set forth in 38 U.S.C. § 7261(a)(4). *See Evans v. West*, 12 Vet.App. 396, 401 (1999); *Hanson v. Brown*, 9 Vet.App. 29, 32 (1996).

In this case, the appellant was discharged from active duty in 1978, filed a claim in 1987, and filed an application to reopen that claim in 1997. Since, under 38 U.S.C. § 5110(a), the effective

date of his service-connected condition cannot be earlier than the date of the claim, he asserts that the effective date should be based on his 1987 claim rather than on his 1997 application to reopen. R. at 8-9. Further, he argues that, because of the notice deficiencies, the time for submitting additional evidence in support of his 1987 claim had not expired and that the service connection granted in 1999 was pursuant to the 1987 claim. *Id*. The Board found the appellant had neither appealed nor submitted additional evidence in support of his claim within one year of the March 1988 RO decision denying his claim. R. at 11-12. It found the grant of service connection in 1999 was made pursuant to the 1997 application to reopen his claim rather than the 1987 claim. R. at 19. Therefore, the Board concluded that the earliest effective date to which the appellant was entitled was January 14, 1997, the date of his application to reopen. *Id*.

A. Due Process

In the instant case, it is incumbent on the Court to determine whether the notice that the RO provided the appellant was sufficient to ensure constitutional due process. *See Buzinski v. Brown*, 6 Vet.App. 360 (1994). The Fifth Amendment to the U.S. Constitution provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "[T]he Due Process Clause provides that certain substantive rights–life, liberty, and property–cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). An essential principle of due process is that deprivation of a protected interest must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). The Court reviews questions of constitutional interpretation de novo. *See Buzinski*, 6 Vet.App. at 365 ("VA resolution of questions of constitutional interpretation are questions of law, to which no deference is accorded and accordingly this Court's review is de novo.").

The appellant argues that he was not provided constitutionally sufficient notice because he was not informed "of the res judicata effect of failing to submit new . . . evidence within the one-year period" following the March 1988 RO decision denying his claim for service connection for a psychiatric condition (schizophrenia). Appellant's Br. at 12. However, "an appellant's claimed lack of subjective knowledge does not as a matter of course deprive him of due process. Rather, the Court must inquire into the procedures that were employed in this case to determine whether they comport with the Due Process Clause." *Buzinski*, 6 Vet.App. at 365.

4

Notice is constitutionally sufficient if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). If "these conditions are reasonably met, the constitutional requirements are satisfied." *Mullane*, 339 U.S. at 314-15. However, notice is of little value "unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id*. at 314; *see also Dealy v. Heckler*, 616 F. Supp. 880, 886 (W.D. Mo. 1984) ("Adequate notice requires accuracy in the description of legal rights and options available to parties.").

In March 1988, the regulatory provision governing VA's duty to provide due process and notice of appellate rights provided:

> *Notification of decisions*. The claimant will be notified of any decision affecting the payment of benefits or granting relief. Notice will include the reason for the decision and the date it will be effectuated as well as the right to a hearing . . . . The notification will also advise the claimant of his right to initiate an appeal by filing a Notice of Disagreement which will entitle him to a Statement of the [C]ase for his assistance in perfecting his appeal. Further, the notice will advise him of the periods in which an appeal must be initiated and perfected.

38 C.F.R. § 3.103(e) (1988). VA's statutory scheme provides that, following notification of a decision denying entitlement to benefits, the claimant has "one year from the date of mailing of notice" of such decision in which to file an NOD. 38 U.S.C. § 7105(b)(1). Further, if the claimant does not file an NOD within one year, the denial of benefits becomes final and the claim is to be reopened only upon the submission of new and material evidence. *See* 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. § 3.156(a) (2007).

The March 1988 decision at issue here informed the appellant that because he failed to appear for a scheduled VA medical examination, the RO could "not grant [his] claim for disability benefits," and "[n]o further action will be taken unless we receive notification of willingness to report for examination." R. at 191. This letter included "Notice of Procedural and Appellate Rights" that informed the appellant that he could be represented in his appeal and that he was entitled to a personal hearing if he so desired. R. at 192. The notice further stated:

> NEW EVIDENCE. You may submit additional evidence to strengthen your claim. It is in your interest to send us any new evidence as promptly as possible. We will carefully consider it and let you know whether it changes our decision.

5

. . .

> APPEAL. You may appeal our decision to the Board of Veterans['] Appeals at any time within one year from the date of this letter if you believe the decision is not in accord with the law and the facts now of record. You can start the appeal process by filing a Notice of Disagreement. You may do this by writing a letter to this office stating that you wish to appeal. . . . If you decide to appeal, we will advise you further as to your procedural rights as your claim progresses through the several stages of the appeal process.

*Id*.

The Court holds that the notice was "reasonably calculated" to provide the appellant notice of the denial of his claim and the opportunity to present his objections thereto[1]. *Mullane*, 339 U.S. at 314. As the Court finds that the challenged notice in this case is not deficient, we need not reach the question of whether the appellant, as an applicant for VA benefits, has been deprived of a protected property interest. *Cf. Lyng v. Payne*, 476 U.S. 926, 942 (1986) (citing *Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305, 320 n. 8 (1985)); *see also Thurber v. Brown*, 5 Vet.App. 119, 123 (1993). The RO notified the appellant of its decision on his claim ("We cannot grant your claim for disability benefits.") and the reason for its decision ("You failed to report for a scheduled examination."). R. at 191. It included notice of the right to a hearing ("If you desire a personal hearing to present evidence or argument on any point of importance in your claim, notify this office and we will arrange a time and place for the hearing."), and notice of the appellant's right to initiate the appeals process by filing an NOD ("You can start the appeal process by filing a Notice of Disagreement."). R. at 192. The appellant argues that this notice was inadequate because the RO "failed to set forth a time deadline for the submission of new evidence." Appellant's. Br. at 11. However, the March 1988 notice clearly advised him of the period in which an appeal must be initiated ("You may appeal our decision to the Board of Veterans['] Appeals at any time within one year from the date of this letter."), and promised to provide further information ("If you decide to appeal we will advise you further as to your procedural rights as your claim progresses through the several stages of the appeal process."). R. at 192.

---

[1] The Court also notes that the notice complied with the regulatory requirements that VA provide claimants with due process and notice of appellate rights. *See* 38 C.F.R. § 3.103(e) (1988). However, the Court recognizes that compliance with statutory and regulatory procedures alone could not cure an otherwise constitutionally deficient notice.

The appellant further argues that the language in the RO notice suggesting that he should submit additional evidence "as promptly as possible" "lulled [him] into thinking that the March 1988 decision would remain indefinitely subject to change by the submission of any new evidence." Appellant's Br. at 12. However, nothing in the notice that the RO provided was inaccurate or affirmatively misleading with regard to the deadline for appealing or submitting new evidence. This case is thus distinguishable from those on which the appellant relies in his brief, including *Gonzalez*, in which the U.S. Court of Appeals for the Ninth Circuit held that notice from the Social Security Administration that incorrectly informed Mr. Gonzalez that he had "the right to file another application at any time" was sufficiently misleading that it violated his due process rights. 914 F.2d at 1203. Similarly, in *Butland v. Bowen*, 673 F.Supp. 638 (D. Mass. 1987), the district court held that notice that specifically informed Ms. Butland that she could file another claim for social security disability benefits "at any time"–when, in fact, she had only four years in which to do so–was misleading enough that it "clearly violates the Constitutional guarantee of due process." *Id*. at 641; *see also Dealy*, 616 F. Supp. at 887 (finding that notice that "serves to mislead and deceive the disability applicant and denies the applicant the right to make an intelligent and informed decision" was "constitutionally deficient").

In this case, the appellant was neither specifically informed that he could submit new evidence "at any time" nor did VA suggest that he file a new application for benefits in lieu of appealing the denial of his current application for benefits. Rather, the notice specifically stated that evidence should be submitted "as promptly as possible," indicating that time was of the essence. The RO informed him that he could appeal the RO decision "at any time within one year from the date" of the March 1988 notice letter. R. at 192. Appellant's argument, that he could interpret a portion of the notice in a manner that would be inconsistent with the clear notice that he must file an appeal within one year, must fail. This notice was adequate to advise the appellant that he had one year within which to appeal the denial of his claim for benefits and to provide him the opportunity to choose whether to appeal. *See Mullane*, 339 U.S. at 314. Any information that the RO provided in addition to advising the appellant that he could appeal the RO decision within one year is not so misleading as to rise to the level of a constitutional violation. The information provided in this notice is entirely consistent with the statutory scheme for allowing a claimant the opportunity to reopen his claim at a later date based upon the submission of new and material

7

evidence. *See* 38 U.S.C. § 5108. The statute provides that when a claim is reopened after a final adjudication, as it was in this case 18 years after the RO's initial denial of benefits, the effective date of any award will be the date of the claim. *See* 38 U.S.C. § 5110(a).

Moreover, there is nothing in the record that indicates that the appellant relied to his detriment on his asserted misinterpretation and misunderstanding as to the effect of submitting new and material evidence in the future. *See Day v. Shalala*, 23 F.3d 1052, 1066 (6th Cir. 1994) (although the denial notice that claimants received "failed to satisfy the requirements of due process, the only claimants who could have been injured by the inadequacy are those who detrimentally relied on the inadequate denial notice"); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) ("[A] plaintiff must demonstrate reliance on the allegedly defective denial notices."); *Burks-Marshall v. Shalala*, 7 F.3d 1346, 1349 (8th Cir. 1993) (The appellant has no standing to raise a due process issue where he "has not shown that the alleged deficiency in the notice had any connection in fact with h[is] own failure to seek review of" the denial of his claim.). Subsequent to VA's issuance of the notice in question, the record is silent regarding the appellant's claim for nearly 9 years. R. at 194-97. There is no indication that the appellant attempted to communicate with VA during that time period. When he subsequently did contact VA, he submitted a *new application* for benefits; he did not indicate that he was responding to the denial letter. *Id.* The record simply does not support any assertion that the notice lulled the appellant into failing to act, and his arguments must be rejected because they are not supported by any demonstrable prejudice. *See Day*; *Gilbert*; *Burks-Marshall*; all *supra*.

The appellant also argues that "*Cook* [*v. Principi*, 318 F.3d 1334 (Fed. Cir. 2002) (en banc)] recognized a third exception to the rule of finality in situations where [] 'VA failed to provide the veteran with information or material critical to the appellate process.'" Appellant's Br. at 7 (quoting *Cook*, 318 F.3d at 1340). He asserts that the notice provided to him on March 21, 1988, in his denial of benefits meets this third exception to the extent that this violation "had the effect of extinguishing [his] right to appeal an adverse decision." Appellant's Br. at 7-8. In response, the Secretary argues that the "[a]ppellant was left with only two means by which to overcome the finality of that unappealed decision: (1) reopening based on the presentation of new and material evidence (which he ultimately did nearly a decade later) or (2) a finding of clear and unmistakable error (which he had not alleged)." Br. at 7. At oral argument, counsel for the appellant clarified that he was not

arguing that a previous final decision should be rendered nonfinal, but rather that inadequate notice of procedural rights prevented the decision on his 1987 claim from becoming final. However, because the Court has found no due process violation in this case, the time to appeal that decision was not tolled. *See Ingram v. Nicholson*, 21 Vet.App. 232 (2007).

Finally, the appellant argues that due process considerations require more tailored notice, where as here, a claimant suffers from a mental disability. Appellant's Br. at 14-16. Essentially, his argument is that the RO was aware of his moderate to severe symptoms of schizophrenia near the time of the March 1988 notice and that the notice should have been tailored accordingly. *Id.* However, save for the bald assertion that his diagnosis of schizophrenia rendered him unable to comprehend the notice, the appellant proffers little convincing evidence to support his contentions. Nor does he point to any evidence in the record to suggest that VA was aware of any incompetence or inability to comprehend. *Cf. Covey v. Town of Somers*, 351 U.S. 141, 146-47 (1956) (notice rendered insufficient where it is provided to a *known incompetent*). The appellant's principal due process argument contradicts this assertion: it assumes that he was able to comprehend the notice, and that the alleged defect rendered it ambiguous in that he understood it to allow for the submission of new evidence at any time. Hence, the Court finds that the evidence of record does not support the assertion that more tailored notice was required in the instant case. *Cf. Shrader v. Harris*, 631 F.2d 297, 302 (4th Cir. 1980) (recognizing the need for a "claimant [to] present[] prima facie proof that mental illness prevented him from understanding the procedure necessary to obtain an evidentiary hearing after the denial of his prior pro se claim"); *Brown v. Harris*, 669 F.2d 911, 913 (4th Cir. 1981) (acknowledging that "the Secretary is not required to make an initial inquiry about the mental competency of each applicant, but instead the claimant has the burden of presenting prima facie evidence of incompetency to the Secretary").

### B. Equitable Tolling

The appellant asks the Court to use its equitable tolling authority to extend the time in which to submit additional evidence in connection with his 1987 claim (Appellant's Br. at 16), thereby affording an effective date based on his July 1987 claim. *Id.*

> Unless specifically provided otherwise in this chapter, the effective date of an award
> based on an original claim, a claim reopened after final adjudication, or a claim for

increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110(a). Evidence submitted after a claim is filed, but prior to the expiration of the appeal period, is considered to have been filed in connection with that claim. *See* 38 C.F.R. § 3.156(b) (2007).

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of § 20.1304(b)(1) of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

*Id*. However, the period for submitting additional evidence in connection with a claim is not a statute of limitations. The U.S. Court of Appeals for the Federal Circuit has stated unequivocally that "[section] 5110 does not contain a statute of limitations [(which might implicate equitable tolling)], but merely indicates when benefits may begin and provides for an earlier date under certain limited circumstances." *Andrews v. Principi*, 351 F.3d 1134, 1137-38 (Fed. Cir. 2003) (holding specifically that equitable tolling does not apply to 38 U.S.C. § 5110(b)(1)), *aff'g* 16 Vet.App. 309 (2002); *see Rodriguez v. West*, 189 F.3d 1351, 1355 (Fed. Cir. 1999) (stating that nothing in 38 U.S.C. §§ 5102 or 7722(d) indicates or suggests a justification for "ignoring the unequivocal command in 38 U.S.C. § 5110(a) that the effective date of benefits cannot be earlier than the filing of an application therefor"); *Desbrow v. Principi*, 18 Vet.App. 30, 32-33 (2004) (per curiam order).

The appellant cites to *Bailey v. West*, 160 F.3d 1360, 1365 (Fed. Cir. 1998) (en banc); *Perry v. West*, 12 Vet.App. 365, 368 (1999); *Meeks v Brown*, 5 Vet.App. 284, 287 (1993); *Rosler v. Derwinski*, 1 Vet.App. 241, 246 (1991); and *Anderson v. Unisys Corp.*, 47 F.3d 302, 307-08 (8th Cir. 1995) for the proposition that the reviewing court may toll a deadline to permit the party's case to proceed at the court in spite of a missed deadline that was a condition precedent to the court's hearing of a particular case or claim. That is not the case here. Thus, the appellant's equitable tolling argument must fail because he is "ask[ing] this [C]ourt to waive the express statutory requirements for an earlier effective date for [service connection], which we cannot do." *Andrews*, 351 F.3d at 1138.

10

In this case, the Court has jurisdiction over this matter regardless of whether equitable tolling is applicable. The appellant identifies no authority empowering the Court to grant equitable relief to extend a deadline other than that which permits the Court to obtain jurisdiction over the merits of his case. The equitable relief sought by the appellant is available solely at the discretion of the Secretary. The Secretary may grant equitable relief when he finds that an administrative error was committed by the Federal Government or any of its employees, or if a claimant suffered loss as a result of relying on an erroneous determination by VA. *See* 38 U.S.C. § 503. This Court has found that neither the Board nor the Court may review the grant of, or refusal to grant, equitable relief under 38 U.S.C. § 503(a). *See Darrow v. Derwinski*, 2 Vet.App. 303, 306 (1992). Therefore, because the Court lacks the authority to grant the relief sought, the appellant's request for equitable tolling is denied.

### III.  CONCLUSION

The appellant's September 8, 2006, motion to file a response to the Secretary's supplemental brief is granted. Upon consideration of the appellant's and the Secretary's briefs, a review of the record, and consideration of the parties' supplemental briefs, the Board's June 23, 2004, decision is AFFIRMED.