**Josephine ANGEVINE,**
**Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, M.D.,\* Secretary**
**of Health and Human Services,**
**Defendant–Appellee.**

**No. 88–2454.**

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1989.

Decided Aug. 15, 1989.

Robert E. Rheinlander, Newman, Trockman, Lloyd, Flynn & Rheinlander, Evansville, Ind., Steve Barber, Barber & Levco, Evansville, Ind., for plaintiff-appellant.

Barbara M. King, Dept. of Health and Human Services, Chicago, Ill., Deborah J. Daniels, U.S. Atty., Larry A. Mackey, Asst. U.S. Atty., Indianapolis, Ind., Donald T. McDougall, Dept. of Health and Human Services, Office of the Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Josephine Angevine suffers from numerous physical ailments which she believes entitle her to Social Security disability benefits. The Secretary of Health and Human Services ("Secretary") disagrees, believing that Angevine is capable of performing her past relevant work. On June 29, 1988, district court Judge Gene E. Brooks af-

---

\* This appeal was originally filed against Otis R. Bowen, M.D. Pursuant to Fed.R.App.P. 43(c), we have substituted his successor as appellee in this proceeding.

firmed the Secretary's decision denying benefits and on July 27, 1988, entered judgment for the Secretary. We affirm.

## I.  PROCEDURAL BACKGROUND

An overview of this case's procedural history is as follows: after the Social Security Administration denied Angevine's request for disability benefits, the case was heard by an Administrative Law Judge ("ALJ"). Angevine, her husband, and a vocational expert testified. The ALJ concluded on November 4, 1981, that Angevine was capable of performing her past relevant work as a file clerk, inspector, or teacher's aide (work the ALJ characterized as sedentary) and was not "disabled" under the regulations; the Appeals Council refused to review this decision on March 5, 1982, so that the matter was ripe for judicial review.

After Angevine filed suit to challenge the adverse administrative action, Judge Gene E. Brooks held that the hypothetical the ALJ posed to the testifying vocational expert failed to incorporate all of Angevine's alleged impairments due to pain, and that the hypothetical—used to determine Angevine's residual functional capacity ("RFC")—assumed that Angevine could sit for six to eight hours a day when she testified she could sit for no more than an hour or two. In his order dated May 7, 1984, the district judge remanded the case to the Secretary so that a hypothetical incorporating all of Angevine's alleged impairments could be put before a vocational expert and so that the ALJ could consider supplemental medical evaluations tendered by Angevine (App. A–24—A–25).

A new hearing before the same ALJ was held where Angevine and two new vocational experts testified. After this hearing, and based on the reports of her two treating physicians and on the testimony of the two vocational experts, the ALJ found on June 21, 1985, that Angevine could not perform her past relevant work, nor could she perform any work in the general econo-

my. Therefore, this time the ALJ recommended awarding benefits. However, the Appeals Council on October 3, 1985, rejected this analysis, stating that the record was insufficient to justify such a conclusion, and remanding the case again to the ALJ with directions to solicit additional medical evidence, namely, a consultative neurosurgical evaluation—preferably conducted by a Board-certified neurologist—and possibly a medical assessment of the severity of claimant's impairment and her ability to do work-related activities, and any other action necessary to complete the administrative record.

On the third remand, the same ALJ stated that although the studies listed in the Appeals Council's October 1985 order had been requested by the ALJ, they were not performed "for some unexplained reason" pursuant to failure of the Indiana Disability Determination Services. The only additional action was that said agency referred Angevine to Dr. James Stevens who examined her and completed a medical assessment form.[1] Upon consideration of Dr. Stevens' assessment and the rest of the record, the ALJ again found on January 23, 1986, that Angevine was "disabled" under the regulations. On May 27, 1986, the Appeals Council rejected the ALJ's recommended decision, concluding instead that there was substantial evidence in the record to support a finding that Angevine was not disabled because she was capable of performing her past relevant work as a bus attendant, teacher's aide, factory worker, inspector, elevator operator, and stock/file clerk (all work the Appeals Council now characterized as light). This Appeals Council decision was amended on August 27, 1986, to consider additional evidence and became the Secretary's final decision denying disability benefits in view of Angevine's ability to perform light work.

On June 29, 1988, the district court, again per Judge Brooks, affirmed the Appeals Council's May 27, 1986, decision, and

---

1. This form was not completed until almost a month later because the state agency failed to request that the assessment form be completed.

on July 27, 1988, entered judgment for the Secretary. This appeal followed.

## II. STANDARD OF REVIEW

When evaluating a disability claim, Social Security regulations and Seventh Circuit case law require that the following steps be considered in order:

> (1) Is the claimant presently unemployed? (2) Is the claimant's impairment 'severe?' (3) Does the impairment meet or exceed one of the list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n. 2 (7th Cir.1988) (citing *Bauzo v. Bowen*, 803 F.2d 917, 920 n. 1 (7th Cir.1986) (quoting *Zalewski v. Heckler*, 760 F.2d 160, 162 n. 2 (7th Cir.1985))).

■ In reviewing such determinations, the Secretary's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is that quantum of evidence which 'a reasonable mind might accept as adequate to support a conclusion.'" *Veal v. Bowen*, 833 F.2d 693 (7th Cir.1987) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is not for this Court to reweigh the evidence, and where conflicting evidence allows reasonable minds to differ, it is for the Secretary to resolve such conflict. *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987). Further, issues previously decided, either explicitly or by necessary implication, become the law of the case and such determinations are to be applied absent unusual circumstances or compelling reasons. *Chicago & N.W. Transp. Co. v. United States*, 574 F.2d 926, 929–30 (7th Cir.1978) (reasons rendering the doctrine inapplicable include "(1) substantial new evidence introduced after the first review, (2) a decision of the Supreme Court after the first review, and (3) *a conviction on the part of the second reviewing court that the decision of the first was clearly erroneous."*) (emphasis added); *Carrillo v. Heckler*, 599 F.Supp. 1164, 1168 (S.D.N.Y.1984) ("absent a finding by the district court on appeal [from the Secretary] that the initial determination [in social security case] was not based on substantial evidence or application of an erroneous legal standard, there is no reason or basis for [re]evaluating an earlier finding based on the same evidence"). This Court is not, however, merely to rubber-stamp the Secretary's decision without critically reviewing the evidence, *Veal*, 833 F.2d at 693, and the ultimate question is not whether the claimant is disabled, but whether the Secretary's finding of non-disability is supported by substantial evidence on the record as a whole. *Walker*, 834 F.2d at 640.

## III. ANALYSIS

■ We note at the outset that in Social Security cases, an ALJ's recommended decision is not binding on the Appeals Council; the Appeals Council may adopt, reject or modify an ALJ's determination, and it is the Appeals Council's decision which becomes the final decision of the Secretary, appealable to the district court under 42 U.S.C. § 405(g), and alterable only to the extent the district court directs on remand. Angevine contends that the Appeals Council's May 27, 1986, decision (as amended on August 27, 1986) exceeded the narrow scope of the district court's remand, improperly recharacterizing her RFC as showing her to be capable of performing light work rather than sedentary work as originally determined by the ALJ's November 4, 1981, recommended decision which was then left in effect by the Appeals Council's March 5, 1982, refusal to review it. Angevine further contends that no additional evidence was adduced on remand from the district court to warrant the May 1986 Appeals Council decision against her and that the Appeals Council was not entitled to review the evidence *de novo*, but was bound by the law of the case.

To determine whether the Secretary violated the law of the case on remand, we must carefully consider the scope of the district court's remand order. Judge Brooks stated that the Appeals Council's earlier finding that Angevine possessed an RFC sufficient to perform sedentary work was based on an incomplete hypothetical as posed to the vocational expert. The hypothetical assumed Angevine could sit for six to eight hours a day, when her testimony of subjective pain suggested she could sit for only short periods of time. The judge maintained that a hypothetical must precisely set out all of a claimant's alleged impairments, and that failure to do so could render the hypothetical and attendant conclusions deficient. Because he believed the hypothetical as posed was incomplete, he remanded the case to the Secretary for consideration of additional evidence, stating:

> The ALJ found that plaintiff's impairments had not prevented her from performing her vocationally relevant past work as an inspector, or file clerk. (R. at 21). The only evidence in the record to support that finding is the testimony of the vocational expert in response to the ALJ's hypothetical question ... Thus the Court is unprepared to affirm the Secretary's finding where as here, plaintiff's ability to engage in substantial gainful work is premised on a faulty hypothetical ... [I]n light of its finding with regard to the hypothetical, the Secretary should consider the additional medical evaluations upon rehearing. (App. A–23, A–25.)

This finding by the district court was clearly erroneous. Contrary to the district court's conclusion, the Secretary's March 5, 1982, refusal to review the ALJ's initial decision did not lack support in the record for the ALJ's finding that Angevine could perform her past work. His decision of no disability did not rely on supposedly a "faulty" hypothetical as the district judge thought. To the contrary, his opinion was based on a dearth of medical evidence favoring Angevine. He noted repeated instances of doctors' releasing her to return to work. As the ALJ's initial decision explicitly stated:

> it is obvious that the physicians who released the claimant to return to work considered her allegations of pain. Nevertheless, the claimant was released to return to work by each physician, some releasing her to return to even heavy work. The Administrative Law Judge finds the fact that these physicians released the claimant to return to work is more credible evidence than her allegations concerning the degree of pain that she endures. It is found that any pain and discomfort that the claimant may suffer has not been so severe as to prevent her from performing sedentary work for any continuous 12 month period of time. (App. AA–43.)

■ The November 4, 1981, decision was therefore based on substantial medical evidence that Angevine could sit for six to eight hours a day, and on the ALJ's explicit credibility determination. His findings did not even mention the hypothetical criticized by the district court! While the district court remanded for the admission of additional evidence regarding Angevine's alleged pain, this was inappropriate in light of all the medical evidence reviewed by the ALJ in his first decision. Because Judge Brooks never decided the disability question, the Appeals Council was free to reach the same credibility determination in its last decision that the ALJ had reached prior to remand. For the same reason the Appeals Council's final conclusion of no disability does not violate the law of the case. Indeed the ALJ's first conclusion had properly decided against disability the first time round, as the Appeals Council recognized in March 1982 and eventually again in May 1986. It is immaterial that the Appeals Council ultimately stated that Angevine could do "light" work, while the ALJ had said "sedentary" work, because in either event Angevine could not receive disability benefits.

IV. CONCLUSION

The district court's amended order of July 27, 1988, granting judgment for the

Secretary is affirmed, although it is unfortunate that it has taken more than nine years to process her application for benefits to the present conclusion.[2]

---

**2.** Angevine's application for disability benefits was filed on June 10, 1980, and was correctly decided by the ALJ on November 4, 1981. Her district court complaint of May 7, 1982, after the Appeals Council denied review on March 5, 1982, was the next step. The district court's decision of May 7, 1984, prompted the ensuing delays.