Phyllis **FORTNER, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 92–2217–EEO.**

United States District Court, D. Kansas.

Dec. 28, 1993.

———

Lisa Gayle Nouri, Kansas City, MO, Elizabeth Averill, for plaintiff.

Janice M. Karlin, Office of U.S. Atty., Kansas City, KS, for defendant.

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, District Judge.

This matter comes before the court on plaintiff's motion for attorney's fees (Doc. # 18). For the reasons set forth below, plaintiff's motion will be granted.

The Secretary denied plaintiff's claim for disability benefits. The denial was affirmed on reconsideration and by the ALJ and the plaintiff appealed to this court. Plaintiff's application for benefits was denied because the ALJ found that plaintiff was not disabled. In reaching that determination, the ALJ refused to consider evidence prior to the application for benefits which was before the ALJ at that time. The prior evidence at issue related to an earlier application for benefits in which plaintiff received two notices that benefits had been denied, the initial notice and the notice of denial on reconsideration. The first notice contained language informing plaintiff that filing a new application for benefits was not the same as appealing the denial of benefits. However, the denial on reconsideration was devoid of such language. Plaintiff did not pursue the denial, but subsequently filed a new application for benefits which was denied.

We held that the notice in the denial on reconsideration was constitutionally insufficient. We remanded to the ALJ for reconsideration of plaintiff's eligibility of benefits because we could not determine what effect consideration of the evidence relating to the first application would have had on the ALJ's decision to deny benefits.

■ On remand, the Administrative Law Judge found that plaintiff was entitled to disability insurance benefits commencing October 31, 1983. Accordingly, plaintiff now seeks an award of $4,500 in attorney's fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412. Under the Act, attorney's fees may be awarded to a party who prevails in an action against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The Secretary argues that plaintiff is not entitled to attorney's fees because the Secretary was substantially justified in denying

plaintiff benefits. The Secretary asserts that substantially justified is defined in terms of whether the Secretary's decision had a reasonable basis in law and fact. *See Pierce v. Underwood,* 487 U.S. 552, 563–68, 108 S.Ct. 2541, 2549–52, 101 L.Ed.2d 490 (1988) ("Substantially justified" means "justified in substance or in the main" and to a degree that could satisfy a reasonable person.").

In denying benefits to plaintiff, the Secretary took the position that because the notice in plaintiff's initial denial of benefits was constitutionally sufficient to adequately inform plaintiff that filing a new application was not the same as appealing the denial, the first notice obviated the effect of any subsequently deficient notice. In essence, the Secretary argued that the plaintiff was expected to know that the initial warning applied with equal force to the subsequent notice even though the later notice made no mention of the distinction between an appeal and a new application.

Under the circumstances, we do not believe that plaintiff could be expected to piece together the two notices to discern the true meaning of the second notice, especially in light of the statement in the subsequent notice that failure to request a hearing before the ALJ within the prescribed time did not affect her right to "file another application at any time." *See Dealy v. Heckler,* 616 F.Supp. 880, 885–87 (W.D.Mo.1984) (holding that a notice similar to that given in the denial on reconsideration in the instant case was constitutionally deficient). Notably, the Secretary cites no legal authority to justify requiring a plaintiff to impute the contents of an earlier notice into a subsequent one. We conclude that the Secretary's position was not substantially justified. Accordingly, plaintiff is entitled to recover reasonable attorney's fees. 28 U.S.C. § 2412(d)(1)(A).

■ Plaintiff request $4,500.00 in attorney's fees. Plaintiff's counsel submits that forty-one hours were expended on filing plaintiff's suit and drafting the complaint and the summary judgment papers, and four hours on plaintiff's request for attorney's fees. Plaintiff requests an hourly fee of $100.00 per hour.

Although plaintiff is entitled to recover some amount of attorney's fees, we do not believe that $4,500 is a reasonable fee in this case. Rather, after reviewing the length and complexity of the record in this case, we find that $75.00 per hour was an adequate and reasonable rate and that twenty-five hours was a reasonable number of hours. Accordingly, plaintiff will be awarded $1,875.00 in attorney's fees.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees (Doc. # 18) is granted. The clerk is ordered to enter judgment against the United States in the amount of $1,875.00 with interest accruing at a rate of 3.61% from the date of the entry of this order.