114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Karen ZAHRAN, Plaintiff-Appellant,
v.
FRANKENMUTH MUTUAL INSURANCE COMPANY, Defendant-Appellee.
Robin Zahran and Karen Zahran, Plaintiffs-Appellants,
v.
FRANKENMUTH MUTUAL INSURANCE COMPANY, Robert Spalding, James
Hoey, et al., Defendants-Appellees.
 Nos. 95-2588, 96-2270.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 23, 1997.
Decided April 22, 1997.
Rehearing and Suggestion for Rehearing In Banc Denied May 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 90 C 337; Thomas J. Curran, Judge.
 Before BAUER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This consolidated appeal involves two separate disputes brought by Robin and Karen Zahran against their insurance company--Frankenmuth Mutual Insurance Company ("Frankenmuth")--and in one of the cases, also against a number of lawyers and insurance adjusters working with Frankenmuth. Both matters arise out of the Zahrans' attempts to recover insurance proceeds and damages from the defendants, who allegedly defrauded the Zahrans out of those proceeds. The matters presently before us are the latest (and we hope the last) attempts by the Zahrans to litigate these claims.
 
 I. HISTORY
 
 2
 The first lawsuit brought by the Zahrans ("Zahran I ") involved damage to their Wisconsin farm property caused by a May 1989 tornado. The Zahrans alleged that Frankenmuth breached its insurance contract and acted in bad faith in refusing to pay the amount of damages claimed by the Zahrans; Frankenmuth filed a counterclaim seeking to recover $182,000 it had already paid to the Zahrans, arguing that the Zahrans' misrepresentation, concealment, and fraud voided the applicable insurance policy. The jury ruled against the Zahrans on their breach of contract and bad faith tort claims, and a special jury verdict also concluded that the Zahrans violated the policy's provision regarding misrepresentation and fraud. We subsequently affirmed several appeals from the district court's judgments and amended judgment. Karen Zahran now takes a third appeal in this action based on the district court's denial of her motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). We discuss this appeal, No. 95-2588, below.
 
 
 3
 The Zahrans later brought another lawsuit against Frankenmuth ("Zahran II "), this time claiming that Frankenmuth failed to pay them the amount they claimed for fire damage to their farm property that occurred in March and July 1990. This action again alleged that Frankenmuth acted in bad faith in investigating and litigating the Zahrans' insurance claims. The district court and the jury rejected the Zahrans' claims, and we affirmed the district court's opinion.
 
 
 4
 Even though the Zahrans' contract and bad faith tort claims were litigated and relitigated in the above actions, the Zahrans brought a third lawsuit ("Zahran III ") arising out Frankenmuth's (and others') alleged fraudulent conduct in the investigation and adjudication of the Zahrans' tornado and fire damage insurance claims. This action addresses the alleged wrongful and fraudulent conduct of Frankenmuth, as well as some of its employees, lawyers, and adjusters, in the investigation and litigation of these same tornado and fire claims.[1] We also consider this appeal, No. 96-2270, below.
 
 
 5
 II. MOTION FOR RELIEF FROM JUDGMENT--NO. 95-2588
 
 
 6
 This appeal involves Karen Zahran's persistent challenges to the judgment in Zahran I--the original lawsuit filed by the Zahrans against Frankenmuth seeking to recover for property damage to their Wisconsin farm caused by a tornado. On June 5, 1995, the District Court for the Eastern District of Wisconsin denied Karen Zahran's motion for relief from judgment, see Fed.R.Civ.P. 60(b), finding that the motion was untimely and that the district court's prior judgments based on the jury verdicts from the Zahrans' original "tornado" lawsuit. Without offering any new theories, Karen Zahran again asks for relief from the judgment based on the same request to introduce "newly discovered evidence" to demonstrate Frankenmuth's tortious behavior.
 
 
 7
 Rule 60(b) relief from judgment is an extraordinary remedy that courts should grant only in exceptional circumstances, see Lee v. Village of River Forest, 936 F.2d 976, 978 (7th Cir.1991), and parties cannot use Rule 60(b) as a vehicle to relitigate a case, see Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 60 (2d Cir.1984). Moreover, issues that have been decided in a prior appeal--either expressly or by implication--become the "law of the case." Angevine v. Sullivan, 881 F.2d 519, 521 (7th Cir.1989). The law of the case is binding upon a district court when asked to address the resolved issues later in the same case, and upon an appellate court in the absence of unusual circumstances or other compelling reasons. See Parts and Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 231-33 (7th Cir.1988).
 
 
 8
 All of the issues presented in Karen Zahran's Rule 60(b) motion and in this appeal--i.e., that she is an innocent insured, that Frankenmuth fraudulently claimed that it relied on the Zahrans' property damage representations, and that Frankenmuth committed fraud by concealing witnesses, documents, and other materials in the trial proceedings--were considered by the district court on several occasions and subsequently affirmed by this court on two occasions. We find no compelling or unusual reason in this case to reject these prior decisions; there has been no substantial new evidence, no intervening change of the controlling law, nor any apparent error in our prior decisions. As such, we summarily affirm the district court's denial of Karen Zahran's Rule 60(b) motion.
 
 
 9
 Finally, although we agree with Frankenmuth that Karen Zahran's appeal is frivolous, we decline to impose sanctions pursuant to Federal Rule of Appellate Procedure 38.
 
 
 10
 III. PERSONAL JURISDICTION, RES JUDICATA, & COLLATERAL
 
 ESTOPPEL--NO. 96-2270
 
 11
 Not surprisingly, the crux of the Zahrans' third lawsuit also revolves around allegations of fraud. Plaintiffs maintain that Frankenmuth and other corporate and individual defendants conspired to withhold and fabricate evidence, concealed and misrepresented material matters, and coerced witnesses to lie at the prior trials. Other than Frankenmuth, the Zahrans sued the following individuals and entities: Robert Spalding and Patrick Harmon (employees of Frankenmuth); General Adjusting Bureau ("GAB") and one of its adjusters, Larry Mours (adjustors hired by Frankenmuth); Clausen Miller Gorman Caffrey & Witous ("Clausen Miller"), James Hoey, and Dennis Fitzpatrick (Frankenmuth's lawyers); Crawford & Company ("Crawford") and one of its employees, Pat Vickers (adjustors retained by Frankenmuth); Orvil Krueger (contractor and witness); and Merle Brander (engineer and witness). For various reasons, the district court properly dismissed the Zahrans' claims against these individuals and companies.
 
 A. Personal Jurisdiction
 
 12
 Defendants Spalding, Krueger, Brander, Mours, and Vickers each submitted an affidavit stating that they engaged in no conduct in Illinois that would give the District Court for the Northern District of Illinois jurisdiction over them. Plaintiffs did not contest these assertions below, and they therefore cannot do so here on appeal. We affirm the district court's grant of these defendants' motions to dismiss based on lack of personal jurisdiction (Fed.R.Civ.P. 12(b)(2)).
 
 B. Res Judicata
 
 13
 The Zahrans' claims against Frankenmuth, Harmon, Clausen Miller, Hoey, and Fitzpatrick are barred by res judicata. Res judicata prohibits parties from relitigating issues that were actually decided in a prior lawsuit, as well as those issues that could have been raised in a previous suit. Humphrey v. Tharaldson Enters., Inc., 95 F.3d 624, 626 (7th Cir.1996). Three elements must be present for a court to apply res judicata: (1) judgment on the merits in an earlier action, (2) identity of the parties or parties in privity in the two suits, and (3) identity of the cause of action in both suits. Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir.1995).
 
 
 14
 In this case, the first requirement is easily met because two prior lawsuits-- Zahran I and Zahran II--were resolved on the merits by jury verdicts and subsequently affirmed on appeal. The second requirement--identity of the parties or parties in privity--is also easily met by several of the defendants. Frankenmuth plainly satisfies this element as it was the sole defendant in the two prior lawsuits. Moreover, defendants Harmon, Clausen Miller, Hoey, and Fitzpatrick also fulfill this requirement because they are parties in privity with Frankenmuth. For res judicata purposes, a company's employees (Harmon) and attorneys (Clausen Miller, Hoey, and Fitzpatrick) are privies of the company that was a party in the prior suit. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n. 6 (7th Cir.1986) (holding that res judicata bars federal RICO claims against directors, officers, employees, and attorneys of a bank, which was the only defendant in the prior suit).
 
 
 15
 These defendants can also satisfy the third res judicata requirement--i.e., identity in the litigation between the prior lawsuits and the present suit. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action," which occurs when the two claims are "based on the same, or nearly the same, factual allegations." Brzostowski, 49 F.3d at 338-39. Even if plaintiffs allege different theories of recovery arising out of the same group of facts, res judicata nonetheless bars litigation of those claims that could have been brought in the prior suit. See Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1365 (7th Cir.1988).
 
 
 16
 In this case, the Zahrans' claims against Frankenmuth and the other defendants plainly arise from the same core of operative facts present in Zahran I and Zahran II. Those facts include the tornado, the fire, Frankenmuth's refusal to pay the Zahrans under the insurance policies, and the conduct of Frankenmuth, its employees, and its lawyers in investigating and litigating the Zahrans' insurance claims. Because the two prior cases dealt with these very facts, the present case plainly "identifies" with the previously litigated matters. Thus, we affirm the district court's dismissal of the Zahrans' claims against Frankenmuth, Harmon, Clausen Miller, Hoey, and Fitzpatrick.
 
 C. Collateral Estoppel
 
 17
 Finally, collateral estoppel bars the Zahrans from maintaining the remaining claims against Frankenmuth's adjusters, GAB and Crawford. Four elements must be present for collateral estoppel to bar relitigation of a previously decided issue: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." Meyer v. Rigdon, 36 F.3d 1375, 1379 (7th Cir.1994) (quoting La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900, 906 (7th Cir.1990)). Unlike res judicata, a party may employ collateral estoppel even though it was neither a party nor a party in privity with a litigant from the prior suit. See Whitley v. Seibel, 676 F.2d 245, 248 n. 1 (7th Cir.1982).
 
 
 18
 In this case, the Zahrans' claims against GAB and Crawford include: conspiring (and operating as an enterprise) to defraud the Zahrans; submitting fraudulent estimates to the Zahrans; covering up and concealing material information regarding the investigations; testifying falsely; violating the Fair Reporting Credit Act; and slander and libel. All of these claims involve the issue of bad faith. In Zahran I, the jury rejected the Zahrans' bad faith claim, and in Zahran II, the district court directed a verdict against the Zahrans on their bad faith claim. We subsequently affirmed those decisions. In making these determinations, it was essential for the juries and courts to determine whether Frankenmuth acted in bad faith while investigating the Zahrans' insurance claims. Those decisions necessarily resolved that Frankenmuth did not conduct the investigations fraudulently or in bad faith. Accordingly, the Zahrans are collaterally estopped from bringing such claims against the two adjusters (GAB and Crawford) that Frankenmuth used to perform these investigations.
 
 IV. CONCLUSION
 
 19
 For the above reasons, we AFFIRM the decisions of the two district courts.
 
 
 
 [1]
 The Zahrans' complaint included seven counts based on the following theories: breach of fiduciary duty, conspiracy, racketeering, slander and libel, interference with contractual relations, violation of the Fair Reporting Credit Act, and loss of credit rating