Richard A. BROOKS, 390–32–7574, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 94 CV 7374.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 28, 1999.

Ellen Chamberlain Hanson, Hanson and Hanson, Morris, IL, for Plaintiff.

Brian R. Havey, U.S. Attorney's Office, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Before the court are Plaintiff Richard A. Brooks and Defendant Department of Health and Human Services' cross-motions for summary judgment. In his motion, Brooks asks this court to reverse the decision of the Commissioner of Social Security or Administrative Law Judge's to deny his request to reopen the state agency's determination and allow payment of benefits on a prior application. For the reasons stated below, the court denies Plaintiff Brooks' motion for summary judgment and grants defendant's motion.

### Background

Over ten years ago, on September 29, 1987[1], Plaintiff Richard A. Brooks ("Brooks") filed his first application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401–33. On November 25, 1987, the application was denied by "initial notice" informing plaintiff that he had sixty days to request reconsideration of his claim. The notice contained the following sentence: "if you do not request reconsideration within a 60–day time limit, you still have a right to file another application at any time." (Pl.'s Mem. at 2.)

Plaintiff did not request reconsideration. On October 20, 1992, plaintiff filed his second application for disability insurance benefits. This application was denied at the initial and reconsideration levels of review. The Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled as of July 12, 1986 based on the second application. Plaintiff requested that the Appeals Council review the ALJ's decision, arguing that the first application for benefits should have been reopened. On October 8, 1994, the Appeals Council denied plaintiff's request for review.

On December 12, 1994, plaintiff filed a complaint against Defendant alleging violations of his Fifth Amendment due process rights. Brooks alleges that the November 25, 1987 notice he received denying his application did not adequately notify him of the consequences of not appealing this denial. (Compl. at 2.) Before answering the complaint, on June 21, 1995, pursuant to sentence six of § section 405(g) of the Social Security Act, Title 42,[2] defendant presented an agreed motion to remand to the Commissioner to hold a hearing to determine whether there was good cause for plaintiff's failure to appeal the denial of his 1987 application for social security benefits pursuant to Social Security Ruling ("SSR") 95–1p[3]. The court granted the motion to remand, terminating the case.

---

1. Portions of this background section have been taken from this court's Memorandum Opinion and Order dated December 22, 1997. *See Brooks v. Department of Health and Human Services*, No. 94 C 7374, 1997 WL 790728, *1 (N.D.Ill. December 22, 1997).

2. Sentence six of § 405(g) provides: "[t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." 42 U.S.C. § 405(g).

3. SSR 95–1p provides, in relevant part, that "SSA will make a finding of good cause for late filing of a request for administrative review for a title II ... claim if a claimant received a notice covered by this Ruling and demonstrates that, as a result of the notice, he or she did not timely request such review. A notice is covered by this Ruling if it advised the claimant that if he or she did not request administrative review, he or she still had the right to file a new application at any time without further explaining that filing a new application instead of a request for administrative review could result in a loss of benefits." SSR 95–1p, 1995 WL 259487, *2 (April 26, 1995).

Plaintiff's hearing was held on January 29, 1997 and plaintiff was represented by counsel. According to plaintiff, at the hearing the ALJ read the initial notice that was given to plaintiff, which said: "if you do not request reconsideration within a 60–day time limit, you still have a right to file another application at any time." Then the ALJ asked Brooks "[w]hat does that mean to you?" In response, plaintiff stated that "[w]ell, we assumed that, what it implies, that we could file at a later time. I guess that's why we didn't do anything for as long as we did." (Tr. at 279.) On March 17, 1997, after the hearing, the ALJ declined to reopen the initial determination on plaintiff's first application for benefits, finding no "good cause" to do so. According to the ALJ, plaintiff did not have good cause for missing the deadline for requesting administrative review of the initial determination on his first application. Pointing to Brooks inconsistent statements concerning his reasons for missing the deadline, the ALJ concluded that:

> At all times, [Brooks] retained the primary responsibility to ensure his follow through of the administrative appeal proceedings, by at least contacting his local Social Security office by telephone or mail for assistance.... As such, I am convinced that he did not exercise the reasonable degree of care in pursuing his appeal rights and that there is no good cause to allow an appeal for payment of benefits on the prior application. I am convinced that he failed on the request for reconsideration after November 25, 1987, not because he was confused, but he decided to abandon his claim.

One month later, plaintiff filed exceptions to the ALJ's decision with the Appeals Council. On May 8, 1997, the Appeals Council declined to review the case. Subsequently, plaintiff filed a motion to reinstate his December 12, 1994 complaint. This court granted plaintiff's motion, holding that Brooks had "made out a colorable constitutional-due process-claim sufficient

to give this court subject matter jurisdiction." The court then invited the parties to brief the issue of whether, on remand, the ALJ properly found Brooks did not have good cause for his failure to request reconsideration. The instant cross motions for summary judgment are the fruits of that invitation.

### Analysis

▮ Defendant urges this court to revisit its prior decision and decline jurisdiction over this case. The court will not do so. In its prior order, the court examined a number of cases similar to the instant one. In these cases, the district court exercised subject matter jurisdiction over the Social Security Administration's ("SSA") decision not to reopen plaintiff's prior determination pursuant to the colorable constitutional claim exception to § 405(g). *See Brooks v. HHS*, No. 94 C 7374, 1997 WL 790728, *1 (N.D.Ill.Dec. 22, 1997). "Several courts have found notices like the one plaintiff received to be defective, or at a minimum to present a colorable due process claim.... [B]ased on the language of plaintiff's notice, the court finds that plaintiff has made out a colorable constitutional-due process-claim sufficient to give this court subject matter jurisdiction." *Id.; see also, Aponte v. Sullivan*, 823 F.Supp. 277, 282 (E.D.Penn.1993); *Christopher v. Secretary of Health and Human Services*, 702 F.Supp. 41, 43 (N.D.N.Y.1989);*Butland v. Bowen*, 673 F.Supp. 638, 640 (D.Mass.1987);*Dealy v. Heckler*, 616 F.Supp. 880, 884 (W.D.Mo.1984).

The court asked the parties to brief the issue of whether defendant was correct to conclude that Brooks failed to meet the requirements under Social Security Ruling 95–1p. *See* SSR 95–1p, 1995 WL 259487, (SSA Apr. 26, 1995). With SSR 95–1p, the Social Security Administration established guidelines for determination of "good cause for late filing of a request for administrative review as it applies to a claimant who received an initial or reconsideration determination notice dated prior to July 1, 1991, which did not state that filing a new application instead of a request for admin-

istrative review could result in the loss of benefits." *Id.* at *1.

Ordinarily, under § 404.911(a), to show "good cause" for missing a deadline to request review, a plaintiff must convince the court that (1) particular circumstances kept him/her from making the request on time; (2) an SSA action misled him/her; (3) he/she did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; or (4) he/she had a physical, mental, educational, or linguistic limitation which prevented plaintiff from filing a timely request or from understanding or knowing about he need to file a timely request for review. *See* § 404.911(a) and § 416.1411(a). However, SSR 95–1p effectively created another path to a "good cause" showing. It reads, in pertinent part,

> SSA will make a finding of good cause for late filing of a request for administrative review for a Title II, Title XVI, or concurrent Title II/Title XVI claim if a claimant received a notice covered by this Ruling and demonstrates that as a result of the notice, he or she did not timely request such review. The mere receipt of a notice covered by this Ruling will not, by itself, establish good cause.

SSR 95–1p, 1995 WL 259487 at *2. Therefore, before the SSA can make a finding of "good cause," plaintiff must show that (1) he received a notice covered under SSR 95–1p and (2) he failed to file a timely request for review because of the defective notice. *Id.* Where good cause is found,

either plaintiff will receive a new determination or a decision that is subject to further administrative or judicial review of the claim, or a dismissal (for a reason other than late filing) of the request for review. SSR 95–1p, 1995 WL 259487 at *3. However, where the adjudicator finds that plaintiff cannot satisfy both requirements for a good cause showing, he or she will deny the request to extend the time for filing and dismiss the request. *Id.*

As noted earlier, Brooks' notice was covered by SSR 95–1p because it contained the sentence: "if you do not request reconsideration within a 60–day time limit, you still have a right to file another application at any time." Therefore, on remand, the ALJ was to determine whether Brooks met both requirements under SSR 95–1p and consider reopening Brooks' initial claim.[4] The ALJ found that Brooks did not have good cause for failing to file a timely reconsideration request, even under SSR 95–1p. He found that Brooks "did not have good cause for missing the deadline to request administrative review of the initial determination of 11/25/87. It is my further decision that the determination may not be reopened to allow payments of benefits on the application of 9/29/87." The Appeals Council declined to review the case. As noted above, without a good cause determination, Brooks' initial determination cannot be reopened and he cannot receive pre–1991 benefit payments.[5]

The issue before the court then is whether the ALJ erred in deciding that Brooks did not have good cause for his late filing under SSR 95–1p.[6] On review, the

---

**4.** However, since the ALJ has already determined that Brooks "is entitled to a period of disability commencing on July 12, 1986" a finding of good cause would essentially require defendant to pay Brooks benefits on his September 29, 1987 application. This would result in Brooks' receipt of payments he would have received from January 1, 1987 to November 20, 1991 or $49,000. No further hearings would be required since the ALJ has already determined both the existence and onset date of Brooks' disability. (Pl.'s Mem. at 6.)

**5.** As one court noted, "A 'good cause' determination essentially seals the fate of a Social Security claimant who has submitted a tardy filing. If 'good cause' is established, the individual will be able to obtain further administrative and judicial review of the merits of the claim." *Giacone v. Schweiker,* 656 F.2d 1238, 1244 (7th Cir.1981).

**6.** Again, the court reiterates that its jurisdiction to consider this question stems from the colorable constitutional claim exception to § 405(g). Because of the defective notice Brooks received on September 29, 1987, to

court has the power to modify, affirm, or reverse the decision of the Commissioner if any essential finding of the ALJ is not supported by substantial evidence. *See Adams v. Secretary of Health and Human Serv.'s,* 653 F.Supp. 249, 250 (C.D.Ill.1986), citing 42 U.S.C. § 405(g);*Callaghan v. Shalala,* 992 F.2d 692, 695 (7th Cir.1993). "Substantial evidence" is relevant evidence that a reasonable mind would "accept as adequate to support a conclusion." *Angevine v. Sullivan,* 881 F.2d 519, 521 (7th Cir.1989), quoting *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ Of course, this court may not substitute its own judgment for that of the ALJ or reweigh the evidence; nor may the court simply rubber-stamp the ALJ's decision. *See Schroeter v. Sullivan,* 977 F.2d, 391, 394; *Cass v. Shalala,* 8 F.3d 552, 555 (7th Cir.1993). The court must review the record in its entirety, not just the evidence that supports the Commissioner's decision. *See Bauzo v. Bowen,* 803 F.2d 917, 923 (7th Cir.1986). However, where reasonable minds could differ in construing the evidence, the court must defer to the Commissioner's decision. *Angevine v. Sullivan,* 881 F.2d 519, 521.

As noted previously, in order for Brooks to prevail here, he must show that his failure to file a timely notice requesting review of his initial claim is a result of the defective notice he received. Without such a showing, under SSR 95–1p, he cannot establish good cause and cannot sufficiently link his failure to file with an unconstitutional lack of due process. If Brooks cannot establish that link, this court cannot conclude that he was deprived of due pro-

cess under the Fifth Amendment and can offer him no relief. *See Day v. Shalala,* 23 F.3d 1052, 1066 (6th Cir.1994) ("Although the ... denial notices used before February, 1990, failed to satisfy the requirements of due process, the only claimants who could have been injured by the inadequacy are those who detrimentally relied on the inadequate denial notice"); *Burks–Marshall v. Shalala,* 7 F.3d 1346, 1349 (8th Cir.1993) ("claimant has no standing to raise the due process issue. She has not shown that the alleged deficiency in the notice had any connection in fact with her own failure to seek review of the two early denials").

■ Some courts appear to forgo the step of finding that a claimant relied upon a defective notice before finding a Fifth Amendment right violation and reopening a plaintiff's claim. *See Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir.1990) ("We conclude that the notice violates appellant's fifth amendment right to due process ... if the Secretary concludes that plaintiff is disabled, the Secretary must calculate the benefits by using an onset date of March 8, 1982"); *Fortner v. Shalala,* No. 92–2217–0, 1993 WL 141905, *3 (D.Kan.Apr. 23, 1993); *Fortner v. Shalala,* 840 F.Supp. 109, 110 (D.Kan.1993); *Daniels v. Sullivan,* No. 91–0815, 1992 WL 345659, *3 (N.D.Cal. May, 22, 1992). Yet, the Seventh Circuit has not had occasion to visit this issue and while the court understands the rationale behind the Ninth Circuit decision in *Gonzalez,* it is persuaded by the reasoning of other courts. The express policy statement by the Social Security Administration requiring some evidence of reliance is also instructive.[7] As

---

the extent he relied upon that notice in deciding not to request a timely review, the question of whether or not his initial claim should be reopened to allow disability payments from that date, becomes a colorable Fifth Amendment due process claim, reviewable by this court.

7. Under SSR 95–1p, the SSA,

will find that a claimant has demonstrated that the failure to file a timely request for

administrative review was the result of a notice covered by this Ruling if he or she provides an acceptable explanation, based on all the pertinent facts in a particular case, linking his or her failure to file a timely request for administrative review to the absence in the notice of a statement that filing a new application instead of a request for administrative review could result in the loss of benefits. SSR 95–1p, 1995 WL 259487 at *3.

such, this court finds that without some evidence of reliance, there can be no Fifth Amendment violation.

■ At the remand hearing, the ALJ rejected Brooks contention that it was the defective notice that prevented him from requesting a reconsideration of the determination within 60 days. Defendant argues that the ALJ's March 17, 1999 decision is supported by substantial evidence in the administrative record. The court agrees. The ALJ concluded:

> At all times, [Brooks] retained the primary responsibility to ensure his follow through of the administrative appeal proceedings, by at least contacting his local Social Security office by telephone or mail for assistance.... As such, I am convinced that he did not exercise the reasonable degree of care in pursuing his appeal rights and that there is no good cause to allow an appeal for payment of benefits on the prior application. I am convinced that he failed on the request for reconsideration after November 25, 1987, not because he was confused, but he decided to abandon his claim.

(Pl.'s Mem. at 6; Judge Green, Tr. at 282). To determine whether Brooks has established the necessary link between his failure to file and the defective notice, the ALJ had a number of factors to review: (1) Brooks' educational level; (2) Brooks' ability to speak and understand the English language; (3) how much time elapsed before Brooks filed a subsequent claim or sought administrative review of the prior determination; and (4) whether Brooks' was represented by a non-attorney. SSR 95–1p, 1995 WL 259487 at *3.

Applying the facts of this case, the court cannot find that the ALJ's decision was contrary to the substantial evidence. Although Brooks did not graduate from high school and was not represented by counsel when he received the defective notice, no evidence has been presented to suggest that he is unable to speak and understand English. Most telling is the amount of time that lapsed between the denial of his first claim in 1986 and his second application, in 1992. Brooks claims that when he read the defective notice, he was confused and thought it meant he could wait and file a new claim at any time. (Def.'s Mem. at 9; Tr. at 279.) Yet, instead of then filing within the next few months or within the year, he waited five years before deciding to pursue his claim for benefits a second time. It is reasonable to conclude that such a gap between filings suggests abandonment, not confusion.

Furthermore, while Brooks maintains that his confusion led to his failure to seek a timely review of the initial determination, the evidence does not make that clear. During the ALJ hearing on remand, Brooks said "[t]he only thing I can suggest to you, that is-at the time it was denied, that our state of mind was, we thought we could do it later, and we just sat on the thing, I don't know why. I don't have an explanation." (Def.'s Mem. at 9; Tr. at 311.) While one interpretation of this statement is certainly consistent with Brooks' argument that he was confused by the notice and therefore failed to pursue his claims, there is also room for an alternative reading. According to the ALJ, the fact that Brooks admitted that he did "not know why" or did not "have an explanation" for his actions showed that he simply abandoned his claim.

In a number of cases, courts have found that claimants who cannot show that they relied on the defective notice do not have standing to bring a Fifth Amendment due process claim. These courts suggest that without some clear evidence of reliance, plaintiff cannot prevail. *Gilbert v. Shalala*, 828 F.Supp. 815, 819 (D.Colo.1993) (finding that plaintiff presented no evidence tending to show that notices caused her not to seek reconsideration); *Dealy v. Heckler*, 616 F.Supp. 880, 886 (W.D.Mo. 1984) (finding in favor of plaintiff since she "relied on the Secretary's notice that she had 'the right to file another application at any time' "). Like the claimant in *Burks–Marshall*, Brooks has not expressly stated

that "after reading the notice, [he] understood it to mean that [he] could apply again at any time for benefits for the periods involved in [his] denied claims, and that, for that reason, she decided to forego further review at the time." *Burks–Marshall,* 7 F.3d at 1350. The *Burks–Marshall* court held that the plaintiff did not have standing and affirmed the lower court's denial of benefits.

While the court sympathizes with Brooks' situation here, its hands are tied. This court can only revisit Brooks' initial determination if he can present sufficient evidence to suggest that the ALJ was unreasonable in finding that Brooks did not rely on the defective notice in 1986. Brooks never makes plain that the defective notice caused him to file an untimely request for reconsideration of his claim. In fact, he waited five years to file a second application. On the basis of those facts and given the limited scope of review, the court simply cannot conclude that Brooks meets the requirements proposed under SSR 95–1 and set forth by other courts. An ALJ's findings are conclusive when supported by substantial evidence. *See Maggard v. Apfel,* 167 F.3d 376, 378 (7th Cir.1999). As such, where, as here, the ALJ's conclusion is supported by "'such evidence as a reasonable mind might accept as adequate to support a conclusion,'" the court must accept his finding. *Williams v. Apfel,* 179 F.3d 1066, 1071–1072 (7th Cir.1999), citing *Maggard,* 167 F.3d at 378. For these reasons, plaintiff's motion for summary judgment must be denied.

### Conclusion

For the reasons set forth above, the court denies plaintiff's motion for summary judgment [35–1] and grants defendant's motion for summary judgment [36–1].